UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ————————————————————— x | | |
| JOE NACLERIO, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:23-cv-09476-KPF |
| | : | |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| | : | MEMORANDUM OF LAW IN SUPPORT |
| vs. | : | OF MOTION FOR APPOINTMENT AS |
| | : | LEAD PLAINTIFF AND APPROVAL OF |
| DOCGO INC., STAN VASHOVSKY, | : | LEAD COUNSEL |
| ANTHONY CAPONE, ANDRE | : | |
| OBERHOLZER, NORMAN ROSENBERG, | : | |
| and LEE BIENSTOCK, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| ————————————————————— x | | |

4871-0377-9480.v1

## I.    INTRODUCTION

The above-captioned case was commenced on October 27, 2023 and asserts claims against DocGo Inc. ("DocGo" or the "Company") and several of its current and former senior officers pursuant to the Securities Exchange Act of 1934 ("1934 Act") on behalf of purchasers or acquirers of DocGo securities between November 8, 2022 and September 17, 2023, inclusive (the "Class Period").

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court "shall appoint the most adequate plaintiff as lead plaintiff" to lead the action.  15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).  Genesee County Employees' Retirement System (the "Retirement System") respectfully submits that it is the presumptively most adequate plaintiff in this case because it has filed a timely motion in response to a notice, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Retirement System's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

DocGo offers mobile health and medical transportation services for various health care providers in the United States and the United Kingdom.  In spring 2023, New York City awarded DocGo a no-bid $432 million contract (the "Relocation Contract") to assist with migrant relocation efforts in New York City, that took effect in early May 2023.  DocGo's common stock trades on the NASDAQ under the ticket DCGO.

- 1 -

4871-0377-9480.v1

The complaint alleges that, throughout the Class Period, defendants made false and/or misleading statements and/or failed to disclose that: (i) DocGo's executive hiring processes were inadequate to fully review and vet the professional and academic backgrounds of job candidates; (ii) this increased the likelihood of disruptive executive turnover; (iii) contrary to DocGo's representations to investors, the Company had overstated the efficacy of its mobile health and medical transportation services; and (iv) all of the above, once revealed, was likely to subject DocGo to significant reputational and/or regulatory scrutiny that would negatively impact the Company's financial position and/or prospects.

On July 30, 2023, *The New York Times* published an article regarding DocGo's migrant relocation efforts in New York City, reporting that "[l]ocal authorities have expressed frustration at the lack of coordination between DocGo and agencies that could provide services to the migrants; local security guards hired by DocGo have repeatedly threatened the migrants; and finding steady work has been nearly impossible." ECF 1 at ¶6. Following the publication of *The New York Times* article, the price of DocGo stock fell more than 6%.

Then, on September 6, 2023, New York City Comptroller Brad Lander announced that his office was declining to approve the Relocation Contract. New York City Mayor Eric Adams had the authority to proceed with the Relocation Contract over Comptroller Lander's objections and ultimately did so. On this news, the price of DocGo stock fell more than 7%.

Thereafter, on September 14, 2023, the *Albany Times Union* published an article reporting that former DocGo CEO, defendant Anthony Capone, had falsified portions of his professional biography regarding his educational history. On the following day, September 15, 2023, DocGo disclosed Capone's resignation as CEO. On this news, the price of DocGo stock fell nearly 12%.

- 2 -

Finally, on September 18, 2023, Comptroller Lander announced that his office was commencing a real-time audit of operations and invoices incurred by DocGo in connection with its Relocation Contract. Specifically, Comptroller Lander noted that his office has "serious concerns about the selection of this vendor and its performance of contract duties." ECF 1 at ¶13. On this news, the price of DocGo stock fell more than 7%.

Due to defendants' wrongful acts and omissions, and the declines in the market value of the Company's securities, the Retirement System and other putative class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    The Retirement System Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in private actions arising under the 1934 Act brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on October 27, 2023. *See* Exhibit A attached to the Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Rosenfeld Decl.").

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The Retirement System meets these requirements and should be appointed Lead Plaintiff.

### 1.    The Retirement System's Motion Is Timely

On October 27, 2023, the statutory notice was published in this case, advising purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff by December 26, 2023.  *See* Rosenfeld Decl., Ex. A.  Because the Retirement System's motion has been filed by the statutory deadline, it is eligible for appointment as lead plaintiff.

### 2.    The Retirement System Has a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by its Certification and loss chart, the Retirement System purchased 22,240 shares of DocGo stock during the Class Period and suffered losses of more than $73,000 as a result of defendants' alleged violations of the federal securities laws.  *See* Rosenfeld Decl., Exs. B-C.[1]  To the best of the Retirement System's counsel's knowledge, there are no other plaintiffs with a larger financial interest.

---

[1]    After the Retirement System executed its sworn Certification (*see* Rosenfeld Decl., Ex. B), it initiated an action alleging claims under the 1934 Act.  *See Genesee Cnty. Emps.' Ret. Sys. v. Driven Brands Holdings Inc.*, No. 3:23-cv-00895, ECF 1 (W.D.N.C. Dec. 22, 2023).

4871-0377-9480.v1

### 3. The Retirement System Is Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this early stage of litigation, only typicality and adequacy are pertinent. *See Roofers Local No. 149 Pension Fund v. Amgen Inc.*, 2023 WL 4406286, at *2 (S.D.N.Y. July 7, 2023). "The typicality requirement is satisfied when the representative party's claims 'arise from the same course of events' as those of the rest of the class, and when that party 'makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted). "And the adequacy requirement is satisfied where '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Id.* (citation omitted). Here, the Retirement System's claims are typical of those of the class because – like all class members – it purchased DocGo securities during the Class Period at artificially inflated prices and recognized substantial losses as a result of defendants' alleged misconduct. The Retirement System is also adequate because its interests in the action are aligned with the interests of the other members of the class, and it is incentivized to maximize the recovery for putative class members harmed by defendants' alleged wrongdoing.

The Retirement System is a public pension fund based in Flint, Michigan with assets of over $250 million for the benefit of more than 1,000 participants.[2] Accordingly, as a sophisticated institutional investor with experience serving as a fiduciary, the Retirement System is precisely the

---

[2]   Additional information about the Retirement System's operations, governance, and financials is available on its website, https://www.geneseecountymi.gov/departments/fiscal_services/retirement_office/index.php.

4871-0377-9480.v1

type of movant whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members.").  And as set forth in more detail below, the Retirement System has retained Robbins Geller as counsel, a law firm with vast experience prosecuting securities class actions.  Accordingly, the Retirement System readily satisfies the adequacy requirement.

Because the Retirement System filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated its typicality and adequacy, the Court should adopt the presumption that it is the "most adequate plaintiff."

### B.    The Court Should Approve the Retirement System's Selected Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Retirement System has selected Robbins Geller to serve as lead counsel in this case.[3]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York and several other states, specializes in complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the

---

[3]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

4871-0377-9480.v1

appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See In re Am. Realty Cap. Props., Inc. Litig.,* No. 1:15-mc-00040-AKH (S.D.N.Y.) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783-LAP (S.D.N.Y.) (Concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers. They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law. I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . . Counsel, you can all be proud of what you've done for your clients. You've done an extraordinarily good job."); *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 1:09-cv-03701-JPO (S.D.N.Y.) ($388 million recovered as sole lead counsel).

Robbins Geller's extensive experience serving as lead counsel in securities class actions supports appointment here.[4] The Court should approve the Retirement System's selection of Robbins Geller as lead counsel.

---

[4] *See, e.g.*, *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-

4871-0377-9480.v1

## IV.    CONCLUSION

The Retirement System has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Retirement System respectfully requests that the Court grant its motion.

DATED:  December 26, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel

KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 8 -

4871-0377-9480.v1