UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

JOE NACLERIO, Individually and on Behalf   :   Civil Action No. 1:23-cv-09476-KPF
of All Others Similarly Situated,          :
                                           :   CLASS ACTION
                           Plaintiff,      :
                                           :
                                           :   GENESEE COUNTY EMPLOYEES'
           vs.                             :   RETIREMENT SYSTEM'S OPPOSITION
                                           :   TO COMPETING LEAD PLAINTIFF
DOCGO INC., STAN VASHOVSKY,                :   MOTION
ANTHONY CAPONE, ANDRE                      :
OBERHOLZER, NORMAN ROSENBERG,              :
and LEE BIENSTOCK,                         :
                                           :
                           Defendants.     :
                                           :
———————————————————————— x

4888-3099-6124.v1

## I.      INTRODUCTION

Two motions were filed seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") in this action: (1) Genesee County Employees' Retirement System (the "Retirement System"); and (2) Joe Naclerio. *See* ECF 11, 15. On January 11, 2024, Mr. Naclerio filed a notice of non-opposition to the Retirement System's motion, recognizing that he "does not have the 'largest financial interest' in this litigation." ECF 20 (citation omitted). As such, the Retirement System's motion is effectively unopposed.

Based on information contained in the movants' motions, the Retirement System is the "most adequate plaintiff" within the meaning of the PSLRA. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Indeed, the Retirement System's loss of $73,453 is ***more than 70 times greater*** than Mr. Naclerio's claimed loss, and the Retirement System otherwise meets the Fed R. Civ. P. Rule 23 typicality and adequacy requirements. Moreover, there is no "proof" that the Retirement System is inadequate or subject to unique defenses. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Accordingly, the competing motion should be denied. The Retirement System's motion should be granted.

## II.     ARGUMENT

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who "otherwise satisf[ies] the requirements of Rule 23." *See San Antonio Fire and Police Pension Fund v. Dentsply Sirona Inc.*, 2023 WL 3750115, at *2 (S.D.N.Y. June 1, 2023) (citing 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)). While courts in this District can consider four factors to assess financial interest, "net loss[] is generally regarded as 'the most compelling.'" *Id.* at *3 (citation omitted). Here, there is no dispute that the Retirement System possesses the "largest financial interest" in this litigation:

| Movant | Claimed Net Loss |
|--------|------------------|
| **Retirement System** | **$73,453** |
| Mr. Naclerio (*filed non-opposition*) | *$1,016* |

*Compare* ECF 17-3 *with* ECF 14-1.

Because the Retirement System possesses the greatest financial interest, the next question is whether it "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "Rule [23] imposes two requirements that are relevant here: the representative party's claims and defenses must be 'typical of the claims or defenses of the class' and the party must 'fairly and adequately protect the interests of the class.'" *Dentsply*, 2023 WL 3750115, at *7 (quoting Fed. R. Civ. P. 23(a)(3)-(4)). Here, there is no question that the Retirement System is typical and adequate of the putative class. *See* ECF 16 at 5-6.

Indeed, like all putative class members, the Retirement System purchased DocGo Inc. securities during the Class Period and suffered harm when those securities lost significant value as a result of defendants' alleged wrongdoing. *Id.* at 4-5. Accordingly, the Retirement System's claims arise from the same conduct from which other class members' claims arise. As to adequacy, the Retirement System is a sophisticated institutional investor and experienced fiduciary (including as lead plaintiff in securities class actions) managing more than $250 million in assets for the benefit of more than 1,000 current and former Genesee County, Michigan government employees. *Id.* at 5-6. Further, the Retirement System selected competent and experienced counsel with a track record of success litigating securities class actions. *Id.* at 6-7. As such, the Retirement System is entitled to the most adequate plaintiff presumption.

The presumptive lead plaintiff, in this case the Retirement System, must be appointed unless it is proven that it will not fairly and adequately protect the interests of the class or is subject to

- 2 -

4888-3099-6124.v1

unique defenses.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  "[O]nce the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) (emphasis in original) (citation omitted).  The competing movant cannot do so here.

## III.    CONCLUSION

The Retirement System has the largest financial interest and is otherwise typical and adequate.  No proof has been provided to rebut the most adequate plaintiff presumption in favor of the Retirement System.  As such, the Retirement System's motion should be granted.

DATED:  January 11, 2024                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


                                                       s/ David A. Rosenfeld
                                            DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

4888-3099-6124.v1

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel

4888-3099-6124.v1