**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

JOE NACLERIO, Individually and on               :
Behalf of All Others Similarly Situated,        :          Civil Action No. 1:23-cv-09476-KPF
                                                :
            Plaintiff,                          :
                                                :
    vs.                                         :
                                                :
DOCGO INC., STAN VASHOVSKY,                     :
ANTHONY CAPONE AND ANDRE                        :
OBERHOLZER,                                     :
                                                :
            Defendants.                         :
_____         :

### DEFENDANT ANTHONY CAPONE'S MOTION TO DISMISS, JOINDER TO DOCGO INC., STAN VASHOVSKY AND ANDRE OBERHOLZER'S MEMORANDUM OF LAW, AND ADDITIONAL STATEMENT IN SUPPORT OF MOTION TO DISMISS

Defendant Anthony Capone ("Mr. Capone") hereby moves to dismiss the Amended Complaint and respectfully submits this Joinder to the Memorandum of Law submitted by defendants DocGo Inc. ("DocGo"), Stan Vashovsky, and Andre Oberholzer in Support of their Motion to Dismiss (the "Memorandum of Law").

1.      The Court should dismiss the Amended Complaint under Federal Rules of Civil Procedure 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act of 1995 ("PSLRA").

2.      To avoid unnecessary redundancy, Mr. Capone adopts, incorporates, and joins the arguments made in Sections I(B), II, III(B) and IV of the Memorandum of Law as if fully stated herein.

3.      As an initial matter, the Amended Complaint's proposed class period is overly broad. The Amended Complaint purports to represent a class of investors who purchased DocGo stock between November 5, 2021 and September 15, 2023. However, as explained in the Memorandum of Law, the earliest alleged false statement that could have been made in connection

with the purchase or sale of securities was the proxy statement issued by DocGo on April 29, 2022. Mr. Capone's statements in June and September 2021, prior to the class period, cannot have been made in connection with the purchase or sale of DocGo securities because DocGo did not yet exist. As such, all claims that predate April 29, 2022 must be dismissed.

4.      Further, the Amended Complaint fails to properly allege any misstatement of a material fact.

a.      First, the statements concerning Mr. Capone's educational background are immaterial as a matter of law, as a reasonable investor would not view the details of Mr. Capone's educational background as significantly altering the total mix of available information.

b.      Second, as stated in the Memorandum of Law, Mr. Capone's August 9, 2023 statements at the Canaccord Genuity Growth Conference were not false when made. Mr. Capone's statement regarding the expected value of a potential contract with Customs and Border Protection aligns with a contemporaneous analyst report, and the Amended Complaint fails to allege that Mr. Capone believed the value of that contract was lower at that time. The Amended Complaint also criticizes Mr. Capone for expressing optimism about DocGo's chances of obtaining that contract based on its reputation, but such statements are (i) mere puffery or opinion, and are therefore not actionable; and (ii) an assessment of DocGo's public reputation, which by definition cannot possibly have been concealed from investors. Finally, the Amended Complaint's strained interpretation of Mr. Capone's statements relating to DocGo's involvement in assisting migrants signing up for Medicaid does not reflect the thought process of a reasonable investor, who would have understood DocGo's function to be that of providing assistance.

c.     Third, Mr. Capone's August 9, 2023 statements at the Canaccord Genuity Growth Conference concerning the estimated value of the potential contract with Customs and Border Protection are also inactionable, as they are protected by the PSLRA's "safe harbor" for forward-looking statements, as the statements were accompanied by meaningful cautionary statements and the Amended Complaint fails to plead particularized facts showing that Mr. Capone had actual knowledge that the statements were false at the time he made them.

5.     The Amended Complaint also fails to plead scienter regarding any statement Mr. Capone made on August 9, 2023 at the Canaccord Genuity Growth Conference.

6.     Finally, the Amended Complaint fails to plead control person liability. As explained in the Memorandum of Law, the Amended Complaint's failure to plead a primary violation of securities law, failure to allege any defendant's control over any other defendant, and failure to allege any culpable participation each independently preclude control person liability.

## CONCLUSION

7.     For the foregoing reasons and the reasons set forth in the Memorandum of Law, the Amended Complaint should be dismissed. Mr. Capone respectfully requests that the Court enter an order (a) granting the Motion to Dismiss and dismissing with prejudice the Amended Complaint; and (b) granting such other and further relief as the Court may deem just and proper.

Dated: June 21, 2024

Respectfully submitted,

FINN DIXON & HERLING LLP

By:    /s/ Evan I. Cohen
       Evan I. Cohen
       ecohen@fdh.com
       Six Landmark Square
       Stamford, Connecticut 06901
       Tel: (203) 325-5000
       Fax: (203) 325-5001

       *Attorney for Defendant Anthony Capone*

## **CERTIFICATION**

I hereby certify that on June 21, 2024, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

By: /s/ Evan I. Cohen
Evan I. Cohen
FINN DIXON & HERLING LLP
Six Landmark Square
Stamford, CT  06901-2704
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: ecohen@fdh.com