UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOE NACLERIO, Individually and on Behalf of All
Others Similarly Situated,

               Plaintiff,

     v.

DOCGO INC., STAN VASHOVSKY, ANTHONY
CAPONE, and ANDRE OBERHOLZER,

               Defendants.

No. 1:23-cv-09476-KPF

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS DOCGO INC., VASHOVSKY, AND OBERHOLZER'S MOTION TO DISMISS THE AMENDED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**

Defendants DocGo Inc., Stan Vashovsky, and Andre Oberholzer ("Defendants") respectfully request that this Court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence, or consider under the doctrine of incorporation by reference, the following exhibits filed in support of their Motion to Dismiss the Amended Complaint for Violation of the Federal Securities Laws (the "Complaint"), which are attached to the Declaration of Jason J. Mendro, submitted herewith:

**Exhibit 2:** A true and correct copy of a BTIG Report on DocGo Inc. by David Larsen and Jenny Shen, dated September 19, 2023.

**Exhibit 3:** A true and correct copy of a BTIG Report on DocGo Inc. by David Larsen, dated August 18, 2023.

**Exhibit 4:** A true and correct copy of a *Times Union* article titled "DocGo CEO's comments on contracts appear inaccurate," dated September 10, 2023.

**Exhibit 5:** A true and correct copy of a page from the New York State Department of Health's publicly available website titled "How to Apply for NY Medicaid."

**Exhibit 6:** A true and correct copy of the Refinitiv StreetEvents transcript of Anthony Capone's interview with analyst Richard Close at Canaccord Genuity's Growth Conference on August 9, 2023.

**Exhibit 7:** A true and correct copy of excerpts from DocGo Inc.'s annual report on Form 10-K for the year ending December 31, 2022, filed with the U.S. Securities and Exchange Commission on March 14, 2023.

## ARGUMENT

In ruling on a Rule 12(b)(6) motion, a court may consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transp. Loc. 504*, 992 F.2d 12, 15 (2d Cir. 1993).

Federal Rule of Evidence 201(b)(2) provides that the "court may judicially notice a fact that is not subject to reasonable dispute because . . . it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Under the incorporation-by-reference doctrine, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citations omitted). Documents are incorporated by reference when the Complaint makes a "clear, definite and substantial reference to the documents." *Helprin v. Harcourt, Inc.*, 277 F. Supp. 2d 327, 330–31 (S.D.N.Y. 2003). Each of the Exhibits submitted in support of Defendants DocGo Inc.,

Vashovsky, and Oberholzer's Motion to Dismiss the Amended Complaint for Violation of the Federal Securities Laws can be considered by the Court because they are each either incorporated by reference into the Complaint or because judicial notice is appropriate.

## I.    Exhibits Incorporated by Reference (Exhibits 2, 3, 4, and 6)

Defendants request that the Court consider Exhibits 2, 3, 4, and 6 as incorporated-by-reference into the Complaint, as Plaintiff made "clear, definite and substantial reference" to each, including by directly quoting from each and relying on their contents to support its allegations. *Helprin*, 277 F. Supp. 2d at 330–31.

**Exhibit 2 (September 19, 2023 BTIG Report):** Plaintiff quotes from this report at length in Paragraph 99 of the Complaint.

**Exhibit 3 (August 18, 2023 BTIG Report):** Plaintiff quotes directly from this report in Paragraphs 34, 62, and 63 of the Complaint.

**Exhibit 4 (*Times Union* article):** Plaintiff quotes extensively from this article in Paragraphs 8, 67, and 94 of the Complaint.

**Exhibit 6 (Conference Transcript):** Plaintiff quotes extensively from this transcript throughout the Amended Complaint in support of its allegations and explicitly challenges several statements contained therein. *See, e.g.*, ¶¶ 44, 59, 85, 89, 91.

## II.    The New York Department of Health Webpage (Exhibit 5)

Defendants respectfully request the Court take judicial notice of the information published by the New York State Department of Health on its webpage "How to Apply for NY Medicaid." Exhibit 5 is a publicly available webpage whose contents are not subject to reasonable dispute, and therefore the fact that the New York State Department of Health has publicly disseminated that information is properly subject to judicial notice. *23-34 94th St. Grocery Corp. v. N.Y.C. Bd. of Health*, 685 F.3d 174, 183 n.7 (2d Cir. 2012) ("We take judicial notice of a poster recently

published on TobaccoFreeNYS.org.") (citing *United States v. Akinrosotu*, 637 F.3d 165, 168 (2d Cir. 2011) (also taking judicial notice of a website)); *Lowell v. Lyft, Inc.*, 352 F. Supp. 3d 248, 263 n.5 (S.D.N.Y. 2018) ("Courts may take judicial notice of publically [sic] available websites when the authenticity is not in dispute.").

### III.    DocGo Inc.'s SEC Filing (Exhibit 7)

Defendants respectfully request this Court take judicial notice of Exhibit 7, excerpts from DocGo Inc.'s annual report on Form 10-K for the year ending December 31, 2022, filed with the U.S. Securities and Exchange Commission on March 14, 2023.  As a public SEC filing, the filing of Exhibit 7 and the language contained therein is a matter of public record not subject to reasonable dispute.  *See In re AppHarvest Sec. Litig.*, 684 F. Supp. 3d 201, 238–39 (S.D.N.Y. 2023) ("[P]ursuant to Rule 201(b), a district court, in ruling on a motion to dismiss, 'may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC' and actually filed with the SEC.") (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).

***

For the foregoing reasons, Defendants respectfully request that this Court incorporate by reference or take judicial notice of Exhibits 2–7 to the Declaration of Jason J. Mendro.

DATED:  June 21, 2024                    Respectfully Submitted,

                                        GIBSON, DUNN & CRUTCHER LLP
                                        JASON J. MENDRO
                                        LISSA M. PERCOPO (admitted *pro hac vice*)


                                        */s/ Jason J. Mendro*
                                        JASON J. MENDRO

1050 Connecticut Avenue, N.W.
Washington, DC  20036
Telephone:  202/955-8500
202/467-0539 (fax)
jmendro@gibsondunn.com
lpercopo@gibsondunn.com

Attorneys for Defendants DocGo Inc., Stan
Vashovsky, and Andre Oberholzer