**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|   |   |   |
|---|---|---|
| | : | |
| JOE NACLERIO, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:23-cv-09476-KPF |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| DOCGO INC., STAN VASHOVSKY, ANTHONY CAPONE AND ANDRE OBERHOLZER, | : | |
| | : | |
| Defendants. | : | |

_____  :

### DEFENDANT ANTHONY CAPONE'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS AND JOINDER TO DOCGO INC., STAN VASHOVSKY AND ANDRE OBERHOLZER'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

Defendant Anthony Capone ("Mr. Capone") respectfully submits this Joinder to the Reply Memorandum of Law in Further Support of the Motion to Dismiss submitted by defendants DocGo Inc. ("DocGo"), Stan Vashovsky, and Andre Oberholzer (the "Reply Memorandum of Law").

To avoid unnecessary redundancy, Mr. Capone adopts, incorporates, and joins the arguments made in Sections I(B), I(C), I(D), II (except for the paragraphs captioned "Education Statements"), III, and IV of the Reply Memorandum of Law as if fully stated herein. Specifically:

1.    The Court should dismiss claims based on statements that predate the proxy statement DocGo issued on April 29, 2022. The Amended Complaint's proposed class period—it purports to cover the class of investors who purchased DocGo stock between November 5, 2021 and September 15, 2023—is overly broad, as the statements made prior to April 29, 2022 were not made in connection with the purchase or sale of DocGo securities. Neither of Mr. Capone's two 2021 statements were made in connection with the purchase or sale of DocGo securities. In

addition to the fact that these statements were not made in connection with the purchase or sale of DocGo securities, these statements were not made in a medium upon which a reasonable investor would rely.

2.      The Court should dismiss claims based on Mr. Capone's statements concerning his education, as these statements were immaterial. There is no allegation that DocGo's products or services did not work as advertised or that Mr. Capone lacked the ability to deliver results. Nor does the mere repetition of the statements concerning Mr. Capone's education make them material, as no investors had expressed any interest in the subject. Further, *In re Initial Pub. Offering Sec. Litig.*, 358 F. Supp. 2d 189 (S.D.N.Y. 2004) is not analogous to this case, as there the court recognized that there was a "cachet" associated with undergraduate degrees in Computer Engineering from Stanford University, as a number of successful "dot.com" companies had been founded or run by individuals with that degree. *Id.*, 358 F. Supp. 2d at 211. Further, there the company experienced an issue with the technological service it provided: subscribers' email inboxes were deleted due to being overwhelmed by junk messages, and the only solution the company was able to implement was creating new email addresses for those subscribers. *Id.*, 358 F. Supp. 2d at 198. Here, the Amended Complaint fails to allege (i) any such cachet regarding degrees from Clarkson University or SUNY Potsdam; or (ii) any technological shortcoming of DocGo's services.

3.      The Court should also dismiss claims regarding the statements Mr. Capone made on August 9, 2023 during an unscripted interview, as there is no factual allegation that these statements were false or misleading.

First, the Opposition fails to articulate a credible reason to discredit Mr. Capone's forward-looking statements concerning the size of the contract with Customs and Border Protection. The

Opposition also completely ignores that an analyst report on which the Amended Complaint relies contains an estimate that aligns with Mr. Capone's statements. The Opposition's interpretation of DocGo's decision to decline to provide a critical newspaper with documents as an admission of falsity as to statements that would be supported by such documents strains credulity. Further, such statements were protected by the safe harbor.

Second, the statements concerning DocGo having credibility to win the contract with Customs and Border Protection were inactionable puffery and opinions, and all information relevant to an assessment of DocGo's credibility was public. The Opposition merely asserts that these statements were not mere puffery, and cites itself by including a cross-reference to the same section of the Opposition.

Third, the statements concerning the significance to DocGo's payor vertical of its ability to facilitate Medicaid enrollments were understood by reasonable investors to note DocGo's ability to convert certain projects into opportunities for long-term revenue. This is uncontested. There was nothing untrue in this statement.

4.      The Amended Complaint also fails to allege particularized facts that would support an inference of scienter as to any of the statements Mr. Capone made in the August 9, 2023 interview. There is no allegation that Mr. Capone did not believe the contract value he stated was accurate. Indeed, an analyst believed that it could be worth that same value. Further, Mr. Capone's expression of optimism regarding DocGo's chances of obtaining the contract were not false. Mr. Capone's statement regarding DocGo's ability to convert certain projects into opportunities for long-term revenue by facilitating Medicaid enrollments was true, and a reasonable investor would not misinterpret the statement.

5.    The Amended Complaint fails to plead any scheme theory of liability, as it fails to allege any supporting allegations of any conduct other than the purported misleading statements.

6.    Finally, because the Amended Complaint fails to plead a primary violation of securities law, it also fails to plead control person liability.

**CONCLUSION**

For the foregoing reasons and the reasons set forth in the Reply Memorandum of Law, the Amended Complaint should be dismissed. Mr. Capone respectfully requests that the Court enter an order (a) granting the Motion to Dismiss and dismissing with prejudice the Amended Complaint; and (b) granting such other and further relief as the Court may deem just and proper.

Dated: September 19, 2024

Respectfully submitted,

FINN DIXON & HERLING LLP

By:     /s/ Evan I. Cohen
        Evan I. Cohen
        ecohen@fdh.com
        Six Landmark Square
        Stamford, Connecticut 06901
        Tel: (203) 325-5000
        Fax: (203) 325-5001

        *Attorney for Defendant Anthony Capone*

## CERTIFICATION

I hereby certify that on September 19, 2024, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

By: /s/ Evan I. Cohen
    Evan I. Cohen
    FINN DIXON & HERLING LLP
    Six Landmark Square
    Stamford, CT 06901-2704
    Tel: (203) 325-5000
    Fax: (203) 325-5001
    E-mail: ecohen@fdh.com