UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

GENESEE COUNTY EMPLOYEES'
RETIREMENT SYSTEM, Individually and
on Behalf of All Others Similarly Situated,

         Plaintiff,

   vs.

DOCGO INC., and ANTHONY CAPONE,

         Defendants.
———————————————————————

Civil Action No. 1:23-cv-09476-KPF

## ANTHONY CAPONE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Anthony Capone ("Mr. Capone"), by his undersigned counsel, hereby responds to the allegations in the Amended Complaint of plaintiff Genesee County Employees' Retirement System, Individually and on behalf of all others similarly situated ("Plaintiff") in accordance with the numbered paragraphs thereof and states his defenses to each claim asserted against him.

## I.    INTRODUCTION

1.      Mr. Capone admits that the action purports to bring claims under the 1934 Act and Rule 10b-5.[1]

2.      Mr. Capone admits that DocGo is a healthcare company, that it provides medical transportation and mobile health services in the United States and United Kingdom, and that its

---

[1] Except as specifically admitted herein, Mr. Capone denies each and every allegation contained in the Amended Complaint, including, without limitation, any allegations contained in the preamble, headings, subheadings, or footnotes of the Amended Complaint, and specifically denies any liability to Plaintiff. Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, averments in the Amended Complaint to which no responsive pleading is required shall be deemed as denied. Mr. Capone expressly reserves the right to seek to amend or supplement his Answer as may be necessary.

business segments include Transportation Services, which provides efficient transfers between clinical settings and access to clinical services, and Mobile Health Services, which facilitates care for a diverse group of customers including municipalities, hospitals and health systems, insurers, physician practices, businesses and employers. Mr. Capone otherwise denies the allegations in this Paragraph.

3. All claims regarding the CBP statements were dismissed pursuant to this Court's March 28, 2025 Order and therefore no response is required to the allegations in this Paragraph regarding such statements. To the extent a response is required, Mr. Capone denies the allegations in Paragraph 3. Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

4. The allegations in Paragraph 4 contain legal conclusions to which no response is required. To the extent a response is required, Mr. Capone admits that he never enrolled in or graduated from a graduate program. Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim. Mr. Capone denies the remaining allegations in this Paragraph.

5. All claims regarding the CBP statements were dismissed pursuant to this Court's March 28, 2025 Order and therefore no response is required to the allegations in this Paragraph regarding such statements. To the extent a response is required, Mr. Capone denies the allegations in Paragraph 5. Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

6.      Mr. Capone denies the allegations in Paragraph 6 and respectfully refers the Court to the transcript of Mr. Capone's statements at the Canaccord Genuity Growth Conference for a complete and accurate representation of its contents.

7.      All claims against Mr. Vashovsky and Mr. Oberholzer were dismissed pursuant to this Court's March 28, 2025 Order and therefore no response is required to the allegations regarding those defendants in this Paragraph.  Mr. Capone admits that he was previously President and  CEO of DocGo and he never enrolled in or graduated from a graduate program.  Mr. Capone denies the remaining allegations in this Paragraph.   Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

8.      Mr. Capone denies the allegations in the first sentence of Paragraph 8.  Mr. Capone admits that the *Times Union* published an article titled "DocGo CEO's comments on migrant contracts appear inaccurate" and respectfully refers the Court to the *Times Union* article for a complete and accurate representation of its contents.  Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegation that a UnitedHealthcare representative informed the *Times Union* that DocGo did not have a contract with UnitedHealthcare in New York.  Mr. Capone denies the remaining allegations in this Paragraph.

9.      Mr. Capone admits that the *Times Union* published an article titled "No record that DocGo CEO Anthony Capone earned graduate degree," that it later updated the article to "DocGo CEO Anthony Capone admits he didn't earn graduate degree," and that it later published an article titled "DocGo CEO resigns following report he lied about college degree," and respectfully refers

the Court to the *Times Union* articles and DocGo's Form 8-K for a complete and accurate representation of their contents.

10. The allegations in Paragraph 10 contain legal conclusions to which no response is required. To the extent a response is required, Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 and on that basis, denies those allegations, except to admit that this action purports to seek to recover losses by Plaintiff.

## II. JURISDICTION AND VENUE

11. The allegations in Paragraph 11 contain legal conclusions to which no response is required. To the extent a response is required, Mr. Capone admits that this action purports to bring claims under the 1934 Act and Rule 10b-5.

12. The allegations in Paragraph 12 contain legal conclusions to which no response is required. To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

13. The allegations in Paragraph 13 contain legal conclusions to which no response is required. To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

## III. PARTIES

14. Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 14, and on that basis, denies those allegations.

15. Mr. Capone denies the allegations in Paragraph 15, except admits that DocGo's common stock is listed on the NASDAQ under the ticker symbol "DCGO," and that on December 31, 2023, DocGo had 104,055,168 shares of common stock outstanding.

16. All claims against Mr. Vashovsky were dismissed pursuant to this Court's March 28, 2025 Order and therefore no response is required to the allegations in this Paragraph.

17.     Mr. Capone admits the allegations in Paragraph 17.  Mr. Capone disputes Plaintiff's characterization of Mr. Capone's resignation, or that his conduct provides a basis for any actionable claim.

18.     All claims against Mr. Oberholzer were dismissed pursuant to this Court's March 28, 2025 Order and therefore no response is required to the allegations in this Paragraph.

19.     Mr. Capone admits that the definitions in Paragraph 19 are used in the Amended Complaint.  The remaining allegations in Paragraph 19 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies those allegations in this Paragraph.

20.     The allegations in Paragraph 20 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 20, except to admit that he was a senior executive officer of DocGo.  Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.  Mr. Capone denies the remaining allegations in this Paragraph.

21.     The allegations in Paragraph 21 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

22.     The allegations in Paragraph 22 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

23.     The allegations in Paragraph 23 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

24.     The allegations in Paragraph 24 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

## IV.     DEFENDANTS' FRAUDULENT SCHEME AND WRONGFUL COURSE OF BUSINESS

25.     Mr. Capone denies the allegations in Paragraph 25, except admits that DocGo provides healthcare transportation and mobile medical services for hospitals and health systems, health plans, governments, and municipalities in the United States and the United Kingdom.

26.     Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 26, and on that basis, denies those allegations.

27.     Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 27, and on that basis, denies those allegations.

28.     Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 28, and on that basis, denies those allegations.

29.     Mr. Capone denies the allegations in Paragraph 29, except admits that on November 5, 2021, Motion and Ambulnz issued a release announcing the formation of DocGo, the contents of which speak for itself, that Ambulnz merged with Motion, which changed its name to DocGo Inc., and that Motion assumed the business and operations of Ambulnz.

30.     Mr. Capone denies the allegations in Paragraph 30, except admits that DocGo's business segments include Transportation Services and Mobile Health, that DocGo's Transportation Services segment provided emergency response and nonemergency transportation services, and that DocGo's Mobile Health segment provides healthcare at home, businesses, or other designated locations.

**A.     Defendants Misled Investors and Customers About Capone's Educational Background**

31.     The allegations in Paragraph 31 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the characterizations of how DocGo promoted itself and what was critical to DocGo's messaging.  Mr. Capone further respectfully refers the Court to the full transcript of the statement referenced in Paragraph 31 for a complete and accurate representation of the statement.

32.     Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 32, and on that basis, denies those allegations.

33.     Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 33, and on that basis, denies those allegations.

34.     Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 34, and on that basis, denies those allegations.

35.     Mr. Capone denies the allegations in Paragraph 35 and respectfully refers the Court to the transcript of Mr. Capone's statements at the Oppenheimer Healthcare Conference for a complete and accurate representation of its contents.

36.     Mr. Capone admits that he made statements regarding his educational background. Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.  Mr. Capone denies the remaining allegations in this Paragraph.

37.     Mr. Capone denies the allegations in Paragraph 37, except admits that Ambulnz submitted a proposal to the New Jersey Department of Health Office of the Commissioner on June

16, 2021, that included Mr. Capone's resume with the educational experience listed in Paragraph 37.

38.    Mr. Capone admits that he made statements regarding his educational background. Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim. Mr. Capone denies the remaining allegations in this Paragraph and respectfully refers the Court to the transcript of Mr. Capone's statements at the H.C. Wainwright Global Investment Conference for a complete and accurate representation of its contents.

39.    Mr. Capone denies the allegations in Paragraph 39 and respectfully refers the Court to the transcript of Mr. Capone's statements at the Morgan Stanley Global Healthcare Conference for a complete and accurate representation of its contents.

40.    Mr. Capone admits that he was appointed CEO effective January 1, 2023. Mr. Capone lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 40, and on that basis, denies those allegations.

41.    Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 41, and on that basis, denies those allegations.

42.    Mr. Capone admits that he made statements regarding his educational background. Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim. Mr. Capone denies the remaining allegations in this Paragraph and respectfully refers the Court to the transcript of Mr. Capone's statements at the JPMorgan Healthcare Conference for a complete and accurate representation of its contents.

43.    Mr. Capone admits that he made statements regarding his educational background. Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim. Mr. Capone denies the remaining allegations in this Paragraph and respectfully refers the Court to the transcript of Mr. Capone's statements at the JPMorgan Healthcare Conference for a complete and accurate representation of its contents.

44.    Mr. Capone admits that he made statements regarding his educational background. Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim. Mr. Capone denies the remaining allegations in this Paragraph and respectfully refers the Court to the transcript of Mr. Capone's statements at the Canaccord Genuity Growth Conference for a complete and accurate representation of its contents.

45.    Mr. Capone admits that he did not earn a graduate degree from Clarkson University or any other institution. Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim. Mr. Capone denies the remaining allegations in this Paragraph and respectfully refers the Court to the *Times Union* article for a complete and accurate representation of its contents.

46.    Mr. Capone denies the allegations in Paragraph 46.

47.    Mr. Capone admits the allegations in Paragraph 47.

**B.    Defendants Misled Investors About DocGo's Performance and Prospects**

48.    Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 48, and on that basis, denies those allegations.

49.    Mr. Capone admits the allegations in Paragraph 49 and respectfully refers the Court to the transcript of Mr. Capone's statements at the Cowen Health Care Conference for a complete and accurate representation of its contents.

50.    Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 50, and on that basis, denies those allegations.

51.    All claims regarding the CBP statements were dismissed pursuant to this Court's March 28, 2025 Order and therefore no response is required to the allegations in this Paragraph. To the extent a response is required, Mr. Capone denies the allegations in Paragraph 51 and respectfully refers the Court to the transcript of Mr. Capone's statements at the JPMorgan Healthcare Conference for a complete and accurate representation of its contents.

52.    All claims regarding the CBP statements were dismissed pursuant to this Court's March 28, 2025 Order and therefore no response is required to the allegations in this Paragraph. To the extent a response is required, Mr. Capone denies the allegations in Paragraph 52 and respectfully refers the Court to the transcript of the DocGo earnings call for a complete and accurate representation of its contents.

53.    All claims regarding the CBP statements were dismissed pursuant to this Court's March 28, 2025 Order and therefore no response is required to the allegations in this Paragraph. To the extent a response is required, Mr. Capone denies the allegations in Paragraph 53 and respectfully refers the Court to the transcript of the DocGo earnings call for a complete and accurate representation of its contents.

54.    All claims regarding the CBP statements were dismissed pursuant to this Court's March 28, 2025 Order and therefore no response is required to the allegations in this Paragraph.

To the extent a response is required, Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 54, and on that basis, denies those allegations and respectfully refers the Court to the Canaccord Genuity and Cantor Fitzgerald documents for a complete and accurate representation of their contents.

55.    All claims regarding the CBP statements were dismissed pursuant to this Court's March 28, 2025 Order and therefore no response is required to the allegations in this Paragraph. To the extent a response is required, Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 55, and on that basis, denies those allegations.

56.    Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 56, and on that basis, denies those allegations and respectfully refers the Court to the *Times Union* article for a complete and accurate representation of its contents.

57.    Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 57, and on that basis, denies those allegations and respectfully refers the Court to the *New York Times* articles for a complete and accurate representation of their contents.

58.    Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 58, and on that basis, denies those allegations and respectfully refers the Court to the August 8, 2023 press conference statements for a complete and accurate representation of their contents.

59.    All claims regarding the CBP statements were dismissed pursuant to this Court's March 28, 2025 Order and therefore no response is required to the allegations in this Paragraph. To the extent a response is required, Mr. Capone denies the allegations in Paragraph 59 and

respectfully refers the Court to the transcript of Mr. Capone's statements at the Canaccord Genuity Growth Conference for a complete and accurate representation of its contents.

60.    Mr. Capone denies the allegations in Paragraph 60 and respectfully refers the Court to the transcript of Mr. Capone's statements at the Canaccord Genuity Growth Conference for a complete and accurate representation of  its contents.

61.    Mr. Capone denies the allegations in Paragraph 61 and respectfully refers the Court to the transcript of Mr. Capone's statements at the Canaccord Genuity Growth Conference for a complete and accurate representation of its contents.

62.    Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 62, and on that basis, denies those allegations and respectfully refers the Court to the BTIG document for a complete and accurate representation of its contents.

63.    All claims regarding the CBP statements were dismissed pursuant to this Court's March 28, 2025 Order and therefore no response is required to the allegations in this Paragraph. To the extent a response is required, Mr. Capone denies the allegations in Paragraph 63 and respectfully refers the Court to the BTIG document for a complete and accurate representation of its contents.

64.    All claims regarding the CBP statements were dismissed pursuant to this Court's March 28, 2025 Order and therefore no response is required to the allegations in this Paragraph. To the extent a response is required, Mr. Capone denies the allegations in Paragraph 64 and respectfully refers the Court to the *Times Union* and *New York Times* articles for a complete and accurate representation of their contents.

65.    All claims regarding the CBP statements were dismissed pursuant to this Court's March 28, 2025 Order and therefore no response is required to the allegations in this Paragraph. To the extent a response is required, Mr. Capone denies the allegations in Paragraph 65 and respectfully refers the Court to the *New York Times* article for a complete and accurate representation of its contents.

66.    All claims regarding the CBP statements were dismissed pursuant to this Court's March 28, 2025 Order and therefore no response is required to the allegations in this Paragraph. To the extent a response is required, Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 66, and on that basis, denies those allegations.

67.    All claims regarding the CBP statements were dismissed pursuant to this Court's March 28, 2025 Order and therefore no response is required to the allegations in this Paragraph. To the extent a response is required, Mr. Capone denies the allegations in Paragraph 67 and respectfully refers the Court to the *Times Union* article for a complete and accurate representation of its contents.

68.    Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegation that a UnitedHealthcare representative informed the *Times Union* that DocGo did not have a contract with UnitedHealthcare in New York. Mr. Capone denies the remaining allegations in Paragraph 68 and respectfully refers the Court to the *Times Union* article for a complete and accurate representation of its contents.

## V.    DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS

### A.    False and Misleading Statements Regarding Capone's Educational Background

69.    Mr. Capone denies the allegations in Paragraph 69.  Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

70.    All claims predicated on statements predating April 29, 2022 were dismissed pursuant to this Court's March 28, 2025 Order and therefore no response is required to the allegations in this Paragraph.  To the extent a response is required, Mr. Capone admits the allegations in Paragraph 70 and respectfully refers the Court to the AI in Action transcript for a complete and accurate representation of its contents.   Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

71.    Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 71, and on that basis, denies those allegations.

72.    Mr. Capone admits the allegations in Paragraph 72 and respectfully refers the Court to DocGo's proxy statement for a complete and accurate representation of its contents.  Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

73.    Mr. Capone admits the allegations in Paragraph 73 and respectfully refers the Court to the transcript of Mr. Capone's statements at the H.C. Wainwright Global Investment Conference for a complete and accurate representation of its contents.   Mr. Capone disputes Plaintiff's

characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

74.    Mr. Capone admits the allegations in Paragraph 74 and respectfully refers the Court to the transcript of Mr. Capone's statements at the Morgan Stanley Global Healthcare Conference for a complete and accurate representation of its contents.  Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

75.    Mr. Capone admits the allegations in Paragraph 75 and respectfully refers the Court to the transcript of Impetus Digital's Fireside Chat for a complete and accurate representation of its contents.  Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

76.    Mr. Capone admits the allegations in Paragraph 76 and respectfully refers the Court to the transcript of Impetus Digital's Fireside Chat for a complete and accurate representation of its contents.  Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

77.    Mr. Capone admits the allegations in Paragraph 77 and respectfully refers the Court to DocGo's Form 8-K for a complete and accurate representation of its contents.  Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

78.    Mr. Capone admits the allegations in Paragraph 78 and respectfully refers the Court to the DocGo biography for a complete and accurate representation of its contents.  Mr. Capone

disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

79. Mr. Capone admits the allegations in Paragraph 79 and respectfully refers the Court to the DocGo website for a complete and accurate representation of its contents. Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

80. Mr. Capone admits the allegations in Paragraph 80 and respectfully refers the Court to the transcript of Mr. Capone's statements at the JPMorgan Healthcare Conference for a complete and accurate representation of its contents. Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

81. Mr. Capone admits the allegations in Paragraph 81 and respectfully refers the Court to the transcript of Mr. Capone's statements at the JPMorgan Healthcare Conference for a complete and accurate representation of its contents. Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

82. Mr. Capone admits the allegations in Paragraph 82 and respectfully refers the Court to the transcript of Mr. Capone's statements at the Cowen Health Care Conference for a complete and accurate representation of its contents. Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

83. Mr. Capone admits the allegations in Paragraph 83 and respectfully refers the Court to the transcript of Mr. Capone's statements at the Oppenheimer Healthcare Conference for a complete and accurate representation of its contents. Mr. Capone disputes Plaintiff's

characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

84.     Mr. Capone admits the allegations in Paragraph 84 and respectfully refers the Court to DocGo's proxy statement for a complete and accurate representation of its contents.  Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

85.     Mr. Capone admits the allegations in Paragraph 85 and respectfully refers the Court to the transcript of Mr. Capone's statements at the Canaccord Genuity Growth Conference for a complete and accurate representation of its contents.  Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

86.     The allegations in Paragraph 86 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph, except admits that he does not hold a graduate degree.

87.     Mr. Capone admits the allegations in Paragraph 87 and respectfully refers the Court to the *Times Union* article for a complete and accurate representation of its contents.

88.     The allegations in Paragraph 88 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph. Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

**B.      False and Misleading Statements Regarding the CBP Contract and New York State Medicaid Sign Ups**

89.      All claims regarding the CBP statements were dismissed pursuant to this Court's March 28, 2025 Order and therefore no response is required to the allegations in this Paragraph. To the extent a response is required, Mr. Capone admits the allegations in Paragraph 89 and respectfully refers the Court to the transcript of Mr. Capone's statements at the Canaccord Genuity Growth Conference for a complete and accurate representation of its contents.

90.      All claims regarding the CBP statements were dismissed pursuant to this Court's March 28, 2025 Order and therefore no response is required to the allegations in this Paragraph. The allegations in Paragraph 90 further contain legal conclusions to which no response is required. To the extent a response is required, Mr. Capone denies the allegations in Paragraph 90.  Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

91.      Mr. Capone denies the allegations in Paragraph 91 and respectfully refers the Court to the transcript of Mr. Capone's statements at the Canaccord Genuity Growth Conference for a complete and accurate representation of its contents.

92.      The allegations in Paragraph 92 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

**VI.      LOSS CAUSATION**

93.      The allegations in Paragraph 93 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

94.      Mr. Capone admits that the *Times Union* published an article titled "DocGo CEO's comments on migrant contracts appear inaccurate" and respectfully refers the Court to the *Times*

-18-

*Union* article for a complete and accurate representation of its contents.  Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegation that a UnitedHealthcare representative informed the *Times Union* that DocGo did not have a contract with UnitedHealthcare in New York.  Mr. Capone denies the remaining allegations in this Paragraph.

95.    The allegations in Paragraph 95 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

96.    Mr. Capone denies the allegations in Paragraph 96 and respectfully refers the Court to the *Times Union* article for a complete and accurate representation of its contents.  Mr. Capone disputes Plaintiff's characterization of Mr. Capone's conduct, or that his conduct provides a basis for any actionable claim.

97.    Mr. Capone admits that DocGo filed a Form 8-K on September 15, 2023 and that the *Times Union* published an article titled "DocGo CEO resigns following report he lied about college degree," and respectfully refers the Court to DocGo's Form 8-K and the *Times Union* article for a complete and accurate representation of their contents.

98.    The allegations in Paragraph 98 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

99.    Mr. Capone lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 99, and on that basis, denies those allegations and respectfully refers the Court to the BTIG document for a complete and accurate representation of its contents.

100.    The allegations in Paragraph 100 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

## VII.   APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD ON THE MARKET DOCTRINE

101.    The allegations in Paragraph 101 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

102.    The allegations in Paragraph 102 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

103.    The allegations in Paragraph 103 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

## VIII.   CLASS ACTION ALLEGATIONS

104.    The allegations in Paragraph 104 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph, except admits that the action purports to bring claims on behalf of a class.

105.    The allegations in Paragraph 105 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

106.    The allegations in Paragraph 106 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

107.    The allegations in Paragraph 107 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

108.    The allegations in Paragraph 108 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

109.    The allegations in Paragraph 109 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

## IX.   CAUSES OF ACTION

### COUNT I

### Violation of §10(b) of the 1934 Act and SEC Rule 10b-5
### (Against All Defendants)

110.   Mr. Capone incorporates by reference his responses to the preceding paragraphs of Plaintiff's Amended Complaint as if fully set forth herein.

111.   Mr. Capone admits that Plaintiff purports to bring this count on behalf of itself and a class.

112.   Mr. Capone admits that Plaintiff purports to bring this count against all defendants, but denies that the count is brought against any defendants against whom any claims were dismissed pursuant to this Court's March 28, 2025 Order.

113.   The allegations in Paragraph 113 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations regarding himself in this Paragraph and lacks knowledge or information sufficient to form a belief as to the allegations against other defendants, and on that basis, denies those allegations.

114.   The allegations in Paragraph 114 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

115.   The allegations in Paragraph 115 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

116.   The allegations in Paragraph 116 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

117.   The allegations in Paragraph 117 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

118.    The allegations in Paragraph 118 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

119.    The allegations in Paragraph 119 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

120.    The allegations in Paragraph 120 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

## COUNT II

### Violation of §20(a) of the 1934 Act and SEC Rule 10b-5
### (Against All Defendants)

121.    Mr. Capone incorporates by reference his responses to the preceding paragraphs of Plaintiff's Amended Complaint as if fully set forth herein.

122.    Mr. Capone admits that Plaintiff purports to bring this count on behalf of itself and a class.

123.    Mr. Capone admits that Plaintiff purports to bring this count against all defendants, but denies that the count is brought against any defendants against whom any claims were dismissed pursuant to this Court's March 28, 2025 Order.

124.    The allegations in Paragraph 124 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

125.    The allegations in Paragraph 125 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

126.    The allegations in Paragraph 126 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

127.    The allegations in Paragraph 127 contain legal conclusions to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in this Paragraph.

## PRAYER FOR RELIEF

The allegations set forth in Plaintiff's "Prayer for Relief" are conclusions of law, to which no response is required.  To the extent a response is required, Mr. Capone denies the allegations in Plaintiff's "Prayer for Relief."  Mr. Capone further denies that this case may be certified as a class action, that he has any liability, or that Plaintiff is entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion or production not otherwise legally assigned to him as to any element of Plaintiff's claims, Mr. Capone asserts the following affirmative defenses.  Mr. Capone may have separate and additional defenses against Plaintiff and the putative class of which he is not yet fully aware.  Mr. Capone reserves the right to assert such additional defenses if and as they become known.  It is not necessary at this time for Mr. Capone to delineate such defenses against the putative class because no class has been certified, and the putative class members are not parties to this litigation.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the certification of any class because Plaintiff's claims are not suitable for a class action under Rule 23 of the Federal Rules of Civil Procedure or any other applicable law, and Plaintiff is not a suitable class representative.

## SECOND AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the Amended Complaint fails to state a claim upon which relief can be granted.

-23-

### THIRD AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, to the extent that Plaintiff, or any persons on whose behalf they purport to act, did not purchase DocGo securities during the relevant period, and/or because they otherwise lack standing.

### FOURTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the Amended Complaint fails to meet the requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act, 14 U.S.C. § 78u-5 ("PSLRA").

### FIFTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiff has failed to plead its claims against Mr. Capone with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Litigation Securities Reform Act of 1995.  15 U.S.C. § 78u-4(b)(2).

### SIXTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because it fails to allege any actionable misstatement or misrepresentation by Mr. Capone.

### SEVENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the statements alleged in the Amended Complaint did not contain untrue material facts and all statements alleged to have been made had a reasonable basis in fact and/or were immaterial as a matter of law.

### EIGHTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because at all relevant times, Mr. Capone acted without intent to defraud and without recklessness.

### NINTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the allegedly untrue statements of fact referenced in the Amended Complaint were immaterial as a matter of law.

### TENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the statements alleged in the Amended Complaint, if any were in fact made, bespoke caution, were corporate puffery, opinion or were forward-looking statements.

### ELEVENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the fraud on the market theory is not applicable and/or is not a basis of liability with respect to one or more of the claims asserted in this action.

### TWELFTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Mr. Capone did not act with the requisite scienter.

### THIRTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the statements alleged in the Amended Complaint to be false or misleading were not made for the purpose of inducing the purchase or sale of a security.

### FOURTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiff has not suffered any legally cognizable injury or damage.

## FIFTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Mr. Capone denies that he fraudulently, recklessly, negligently or otherwise engaged in any act of deceit, conspiracy, fraud, or any other action, alleged conduct, or alleged omission, which was a proximate cause of any injury to Plaintiff or the class members Plaintiff represents.

## SIXTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, due to the absence of loss causation.  Specifically, Mr. Capone was not the cause of any alleged injury, loss or damages suffered by Plaintiff or the class members Plaintiff represents.  Any injury, loss or damages suffered by Plaintiff or the class members Plaintiff represents is the proximate result, either in whole or in part, of actions or omissions of persons or entities other than, or superseding and intervening events unconnected to, Mr. Capone.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because of the absence of actual or justifiable reliance by Plaintiff or the class members Plaintiff represents on the statements or acts alleged in the Amended Complaint.  Plaintiff or the class members Plaintiff represents would have purchased DocGo stock even with full knowledge of the facts that Plaintiff now alleges were misrepresented.

## EIGHTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because any damages or injuries suffered by Plaintiff or the class members Plaintiff represents are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than Mr. Capone.

### NINTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, to the extent that Plaintiff knew or is deemed to have known of any allegedly undisclosed facts on which its claims are based.

### TWENTIETH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence, and/or assumption of risk.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the applicable statutes of limitations and other applicable periods of repose.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the doctrine of laches.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Mr. Capone is not liable for any portion of Plaintiff's loss or damage caused by factors other than the misrepresentations alleged in the Amended Complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiff and the class members Plaintiff represents failed to take reasonable action to mitigate any damages allegedly sustained as a result of the facts alleged in the Amended Complaint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiff and the class members Plaintiff represents are not entitled to the compensatory damages requested in the Amended Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiff's claim for damages is speculative, and Plaintiff incurred no recoverable damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, to the extent that Plaintiff seeks damages exceeding the difference between the purchase price paid for the securities and the mean trading price of those securities during the 90-day period following the alleged corrective disclosure.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, to the extent it seeks damages exceeding Mr. Capone's proportionate liability.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiff and the class members Plaintiff represents are not entitled to recovery of attorneys' fees or any other costs and expenses requested in the Amended Complaint.

## THIRTIETH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the doctrines of estoppel, unclean hands, fraud, *in pari delicto,* waiver, ratification, and/or other related equitable doctrines.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, due to Mr. Capone's compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Amended Complaint.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiff cannot establish the primary liability necessary to assert a control person liability claim under Section 20(a) of the Exchange Act.

## PRAYER

WHEREFORE, Mr. Capone respectfully requests that the Court:

A. Deny class certification and strike all class allegations from the Complaint;

B. Render judgment that Plaintiff takes nothing by this suit;

C. Dismiss Plaintiff's Complaint with prejudice;

D. Award Mr. Capone his costs of court and other fees; and

E. Grant any other relief to which Mr. Capone may be justly entitled, whether in law or in equity.

Dated: April 25, 2025

Respectfully submitted,

FINN DIXON & HERLING LLP

By: ___ /s/ Evan I. Cohen
        Evan I. Cohen
        ecohen@fdh.com
        Six Landmark Square
        Stamford, Connecticut 06901
        Tel: (203) 325-5000
        Fax: (203) 325-5001

*Attorney for Defendant Anthony Capone*

## CERTIFICATION

I hereby certify that on April 25, 2025, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

/s/ Evan I. Cohen
Evan I. Cohen
FINN DIXON & HERLING LLP
Six Landmark Square
Stamford, CT  06901-2704
Tel: (203) 325-5000
Fax: (203) 325-5001
E-mail: ecohen@fdh.com