UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
GENESEE COUNTY EMPLOYEES' : Civil Action No. 1:23-cv-09476-KPF
RETIREMENT SYSTEM, Individually and on :
Behalf of All Others Similarly Situated, : CLASS ACTION
:
Plaintiff, : STIPULATED PROTECTIVE ORDER
:
vs. :
:
DOCGO INC. and ANTHONY CAPONE, :
:
Defendants. :
:
———————————————————— x

4938-6506-7571.v1

1.  **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal. The parties further acknowledge that this Stipulated Protective Order does not circumvent this Court's rules concerning "Electronic Filing Under Seal in Civil and Miscellaneous Cases." *See* Individual Rules of Practice in Civil Cases at 15-17.

2.  **DEFINITIONS**

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection from public disclosure including, but not limited to, trade secrets and confidential research, development, financial, or commercial information that would cause harm to the Designating Party if made public; and sensitive personal information such as health information, payment card numbers, financial account numbers, social security numbers, tax identification numbers, personal phone numbers, and home addresses.

2.3     Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert/Consultant: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     In-House Counsel: attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel in this action or any other outside counsel.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10    Party: any party to this action, including all of its officers, directors, employees, and Outside Counsel (and their support staffs).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors: persons or entities that provide or advise on litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (i) any information copied or extracted from Protected Material; (ii) all copies, excerpts, summaries, or compilations of Protected Material; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of: (i) dismissal of all claims and defenses in this action, with or without prejudice; (ii) final approval of settlement between and among all parties; and (iii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material, documents, items or oral or written communications that qualify under the appropriate standards.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced, subject to the provisions of Section 5.3 below.

Designation in conformity with this Order requires:

(a)     For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

- 4 -

shall indicate in the accompanying cover letter that the production includes protected information and affix the legend "CONFIDENTIAL" to each page of the production that contains protected material. For documents produced in native format, the "CONFIDENTIAL" legend shall be affixed to the placeholder Bates numbered TIFF image that accompanies the native file.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. The Designating Party will also have up to 30 days from the receipt of the final transcript to designate information for protection and all testimony will be treated as "CONFIDENTIAL" until then.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

4938-6506-7571.v1

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    **Timing of Challenges**.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    **Meet and Confer**.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (by phone, video conference, or in person) within 14 days of the date of notice of the challenge.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    **Judicial Intervention**.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a letter motion pursuant to Local Rule 37.2 and Rule 3(ii) of the Court's Individual Rules of Practice in Civil Cases within 7 days of the parties agreeing that the meet and confer process will not resolve their dispute, and the parties must otherwise follow these rules with respect to any additional briefing on such challenge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless the Designating Party has waived the confidentiality designation by failing to file a letter motion as described above, all parties shall continue to afford the material in question the level of

protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    **Basic Principles**.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions regarding the Final Disposition of Protected Material.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)    Experts/Consultants and their staff and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel, special masters, and any court appointed official and their staff;

  (e)  court reporters and their staff;

  (f)  professional jury or trial consultants and mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (g)  Professional Vendors and their staff;

  (h)  mediators and their staff;

  (i)  witnesses or potential witnesses in the action, during or in preparation for deposition or trial testimony, to whom disclosure is reasonably necessary, so long as they are not permitted to retain copies of Protected Material;

  (j)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

  (k)  insurance carriers providing coverage in this matter.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

  (a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

  (b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

  (c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

- 8 -

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.  **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced Discovery or Disclosure Material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an order that provides for production without prior privilege review. The parties further agree that this Stipulated Protective Order constitutes a non-waiver order under Federal Rule of Evidence 502(d). Specifically, the parties agree that, pursuant to Federal Rule of Evidence 502(d), nothing in this Stipulated Protective Order shall require disclosure of privileged information (*i.e.*, information subject to a claim of attorney-client privilege, work product protection or other privilege or immunity), and the production of privileged information is not a waiver of the privilege or protection from disclosure or discovery in this case or any other federal or state proceeding. This Stipulated Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b) ***shall not*** limit or modify the protections provided above.

12. **MISCELLANEOUS**

    12.1  **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

    12.2  **Right to Assert Other Objections**. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**13.   FINAL DISPOSITION**

At any time after 60 days of the final disposition of this action, upon the request of the Producing Party, the Receiving Party must make commercially reasonable efforts to return or destroy all Protected Material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  This provision does not require the return or destruction of Protected Material stored on backup media made in accordance with regular data backup procedures for disaster recovery purposes, subject to legal hold obligations, or whose return or destruction would violate applicable federal or state law or regulations.  Whether the Protected Material is returned or destroyed, upon request, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within 30 days of the request that affirms that commercially reasonable efforts were made to ensure that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 2, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
ERIC I. NIEHAUS (admitted *pro hac vice*)
JOSEPH J. TULL (admitted *pro hac vice*)


      s/ Joseph J. Tull
      JOSEPH J. TULL

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
ericn@rgrdlaw.com
jtull@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD (admitted *pro hac vice*)
200 31st Avenue North
Nashville, TN 37203
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

Lead Counsel for Lead Plaintiff

|  |  |
|---|---|
|  | VANOVERBEKE, MICHAUD<br>  & TIMMONY, P.C.<br>THOMAS C. MICHAUD<br>79 Alfred Street<br>Detroit, MI  48201<br>Telephone:  313/578-1200<br>313/578-1201 (fax)<br>tmichaud@vmtlaw.com |
|  | Additional Counsel |
| DATED:  May 2, 2025 | GIBSON, DUNN & CRUTCHER LLP<br>JASON J. MENDRO<br>LISSA M. PERCOPO (admitted *pro hac vice*) |
|  |     s/ Lissa M. Percopo (with permission)<br>LISSA M. PERCOPO<br>1700 M Street, N.W.<br>Washington, DC 20036<br>Telephone: 202-955-8500<br>202-467-0539 (fax)<br>jmendro@gibsondunn.com<br>lpercopo@gibsondunn.com |
|  | GIBSON, DUNN & CRUTCHER LLP<br>JEFF LOMBARD (admitted *pro hac vice*)<br>310 University Avenue<br>Palo Alto, CA 94301<br>Telephone: 650-849-5340 |
|  | Counsel for Defendant DocGo Inc. |
| DATED:  May 2, 2025 | EVAN COHEN<br>FINN DIXON & HERLING LLP |
|  |     s/ Evan Cohen (with permission)<br>EVAN COHEN |
|  | 6 Landmark Square<br>Stamford, CT 06901<br>Telephone: 203-325-5000<br>203-325-5001 (fax)<br>ecohen@fdh.com |

- 13 -

Counsel for Defendant Anthony Capone

PURSUANT TO STIPULATION, IT IS SO ORDERED.

```
This confidentiality agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The
Court will retain jurisdiction over the terms and conditions of this
agreement only for the pendency of this litigation.  Any party
wishing to make redacted or sealed submissions shall comply with
Rule 9 of this Court's Individual Rules of Civil Procedure.
```

DATED: May 5, 2025
New York, New York

_____
THE HONORABLE KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

- 14 -

4938-6506-7571.v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x
GENESEE COUNTY EMPLOYEES' : Civil Action No. 1:23-cv-09476-KPF
RETIREMENT SYSTEM, Individually and on :
Behalf of All Others Similarly Situated, : <u>CLASS ACTION</u>
:
Plaintiff, :
:
vs. :
:
DOCGO INC., STAN VASHOVSKY, :
ANTHONY CAPONE, and ANDRE :
OBERHOLZER, :
:
Defendants. :
---------------------------------------x

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type employer], acknowledge that I have read in its entirety and understand the Stipulated Protective Order that was issued in the above captioned case on [INSERT DATE ORDERED]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I agree that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

      I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____
Printed name: _____

Signature: _____