# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
                                              x
GENESEE COUNTY EMPLOYEES' RETIREMENT :    Civil Action No. 1:23-cv-09476-KPF
SYSTEM, Individually and on Behalf of All Others :
Similarly Situated,                           :    CLASS ACTION
                                              :
                Plaintiff,                    :
                                              :
        vs.                                   :
                                              :
DOCGO INC. and ANTHONY CAPONE,                :
                                              :
                Defendants.                   :
                                              x
```

### NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**TO:     ALL PERSONS OR ENTITIES WHO PURCHASED DOCGO INC. ("DocGo") PUBLICLY TRADED COMMON STOCK BETWEEN NOVEMBER 5, 2021, AND SEPTEMBER 15, 2023, INCLUSIVE (THE "CLASS PERIOD")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE (AT WWW.DOCGOSECURITIESSETTLEMENT.COM) ON OR BEFORE MARCH 9, 2026**.

### THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court"). The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Litigation") between Genesee County Employees' Retirement System ("Lead Plaintiff") and DocGo and Anthony Capone ("Defendants"); (ii) the proposed $12.5 million cash settlement reached therein (the "Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement, dated November 12, 2025 (the "Stipulation"), by and between Lead Plaintiff and Defendants (the "Parties" or "Settling Parties"). This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the pendency of the Litigation, the proposed Settlement of the Litigation, and your rights in connection therewith.

---

[1]     All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.DocGoSecuritiesSettlement.com.

1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A PROOF OF CLAIM | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked or submitted online on or before March 9, 2026.** |
| EXCLUDE YOURSELF FROM THE CLASS | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Requests for exclusion must be postmarked on or before March 3, 2026.** |
| OBJECT | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* by the Court and counsel on or before March 3, 2026. If you submit a written objection, you may (but do not have to) attend the Settlement Hearing.** |
| GO TO THE SETTLEMENT HEARING ON MARCH 24, 2026 AT 10:00 A.M. | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. **Requests to speak at the Settlement Hearing must be *received* by the Court and counsel on or before March 3, 2026.** |
| DO NOTHING | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $12.5 million cash settlement fund has been established. Based on Lead Plaintiff's estimate of the number of allegedly damaged shares eligible to recover under the Settlement, the average distribution per share of DocGo common stock under the Plan of Allocation is approximately $0.12, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that this is only an estimate.** A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claim as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average distribution amount. Please see the Plan of Allocation set forth and discussed at pages 9 through 13 below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each or any claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the Settling Parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of DocGo common stock was allegedly artificially inflated (if at all) during the relevant period; and (4) the amount, if any, by which the price of DocGo common stock was allegedly artificially inflated (if at all) during the relevant period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Lead Plaintiff's Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel will apply to the Court, on behalf of all Lead Plaintiff's Counsel, for an award of attorneys' fees not to exceed 33% of the Settlement Amount, plus expenses not to exceed $250,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund.[2] If the amounts requested are approved by the Court, the average cost per DocGo common share will be approximately $0.04.

---

[2]    Lead Plaintiff's Counsel refers to Lead Counsel, Robbins Geller Rudman & Dowd LLP, and additional counsel Vanoverbeke, Michaud & Timmony, P.C.

**Further Information**

For further information regarding the Litigation, this Notice, or to review the Stipulation, please contact the Claims Administrator toll-free at 1-888-808-8947, or visit the website, www.DocGoSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| 1. | What is the purpose of this Notice? |
|---|---|

The Court has directed the issuance of this Notice to inform potential Class Members about the Litigation and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Southern District of New York, and the case is known as *Genesee County Employees' Retirement System v. DocGo Inc., et al.*, No. 1:23-cv-09476-KPF. The case has been assigned to the Honorable Katherine Polk Failla. The entity representing the Class is the "Lead Plaintiff," and the company and individual it sued and who have now settled are called the "Defendants."

The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

| 2. | What is this lawsuit about? |
|---|---|

The Litigation is currently pending before Judge Katherine Polk Failla in the United States District Court for the Southern District of New York (the "Court"). The initial complaint in the Litigation was filed on October 27, 2023. On January 17, 2024, the Court appointed Genesee County Employees' Retirement System as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel.

On March 20, 2024, Lead Plaintiff filed the Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Lead Plaintiff alleged that throughout the Class Period Defendants made materially false or misleading statements and/or failed to disclose (i) DocGo's Chief Executive Officer, defendant Anthony Capone, fabricated his educational background in computational learning theory, a subset of AI; and (ii) contrary to Capone's representations to investors, DocGo did not sign asylum seekers up for New York Medicaid and could not leverage signups into future business in DocGo's payer vertical. When the truth regarding Defendants' allegedly false and misleading statements was publicly disclosed, the price of DocGo common stock declined, causing damage to Class Members. Defendants deny Lead Plaintiff's allegations. On June 21, 2024, Defendants and former defendants Stan Vashovsky and Andre Oberholzer (the "Former Defendants") moved to dismiss the Complaint. Lead Plaintiff filed its opposition to the motion on August 20, 2024, and Defendants and the Former Defendants filed their replies on September 19, 2024. On March 28, 2025, the Court granted in part and denied in part the motion to dismiss. The Court upheld certain of Lead Plaintiff's claims against Defendants DocGo and Capone, and dismissed all of its claims against the Former Defendants. Defendants answered the Complaint on April 25, 2025.

On May 2, 2025, Lead Plaintiff and Defendants filed their joint proposed Stipulated Protective Order and their joint proposed Civil Case Management Plan and Scheduling Order, which were both so ordered on May 5, 2025.

Beginning in June 2025, the Parties exchanged discovery requests and served subpoenas on a number of third parties.

3

On July 21, 2025, Lead Plaintiff filed its motion for class certification, supported by an expert report. On August 18, 2025, the Court granted the Parties' request for a 30-day extension of the deadlines in the previously-entered scheduling order.

Lead Plaintiff and Defendants participated in a voluntary confidential mediation session with Miles Ruthberg (of Phillips ADR), an experienced mediator, on September 9, 2025. The mediation session was preceded by the submission and exchange of mediation statements by both Lead Plaintiff and Defendants. The Parties engaged in good-faith negotiations, but did not reach a settlement at the mediation session. Following additional settlement discussions with Mr. Ruthberg, on September 26, 2025, the Parties accepted a mediator's proposal to settle the Litigation in return for a cash payment of $12.5 million to be paid by or on behalf of Defendants for the benefit of the Class, subject to the negotiation of the terms of a stipulation of settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement among the Settling Parties.

| 3. | Why is there a settlement? |
| --- | --- |

The Court has not decided in favor of Defendants or Lead Plaintiff. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation.

If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of remaining claims against the remaining Defendants, neither Lead Plaintiff nor the other Members of the Class would recover anything from Defendants. Also, if Defendants proved any of their defenses at summary judgment, trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Class? |
| --- | --- |

The Court directed that everyone who fits this description is a Class Member: All Persons who purchased DocGo publicly traded common stock between November 5, 2021, and September 15, 2023, inclusive, and were damaged thereby. Excluded from the Class are: (i) Defendants and Former Defendants and members of their immediate families; (ii) the officers and directors of DocGo during the Class Period and members of their immediate families; (iii) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (iv) any entity in which any Defendant or Former Defendant has or had a controlling interest. Also excluded from the Class is any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion.

**Please Note:** Receipt of this Notice or the Postcard Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of the proceeds from the Settlement, you are required to submit a Proof of Claim and the required supporting documentation as set forth therein postmarked or submitted online on or before March 9, 2026.

| 5. | What if I am still not sure if I am included in the Class? |
| --- | --- |

If you are still not sure whether you are included in the Class, you can ask for free help. You can contact the Claims Administrator toll-free at 1-888-808-8947, or you can fill out and return the Proof of Claim to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
| --- | --- |

The Settlement provides that, in exchange for the release of the Released Plaintiff's Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay or cause to be paid $12.5 million in cash to be distributed after Taxes, Tax Expenses, Notice and Administration Expenses, and Court-approved attorneys' fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation and who would receive at least $10.00. The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
| --- | --- |

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Class Members submit, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

**HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM**

| 8. | How can I get a payment? |
|----|--------------------------|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim may be downloaded at www.DocGoSecuritiesSettlement.com. Read the instructions contained in the Proof of Claim carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail** (to *DocGo Securities Settlement*, Claims Administrator, c/o Verita Global, P.O. Box 301171, Los Angeles, CA 90030-1171) **or submit it online at www.DocGoSecuritiesSettlement.com so that it is postmarked or received no later than March 9, 2026**.

| 9. | When will I get my payment? |
|----|------------------------------|

**The Court will hold a Settlement Hearing on March 24, 2026, at 10:00 a.m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it will take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
|-----|-------------------------------------------------------------|

If you are a Class Member, unless you timely and validly exclude yourself from the Class, you will remain a Class Member, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Plaintiff's Claims (as defined below) in this Litigation. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Plaintiff's Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Defendants' Released Persons" (as defined below):

- "Released Plaintiff's Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, including Unknown Claims (as defined below), demands, losses, and rights, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiff or any other Class Member has or could have asserted in any court or forum, based on, arising out of, or in connection with: (i) any purchase or acquisition of publicly traded DocGo common stock during the period between November 5, 2021, and September 15, 2023, inclusive; and (ii) the conduct, allegations, acts, facts, matters, occurrences, transactions, disclosures, filings, representations, statements, or omissions that were or could have been alleged by Lead Plaintiff or any other Member of the Class in the Litigation. Released Plaintiff's Claims do not include: (i) any claims related to the enforcement of the Settlement; (ii) any derivative claims; (iii) any claims arising out of ERISA; or (iv) any claims of any Person who or which submits a timely and valid request for exclusion from the Class that is accepted by the Court.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, against the Releasing Plaintiff Parties (as defined below) that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants or the Former Defendants in the Litigation. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any Person who or which submits a timely and valid request for exclusion from the Class that is accepted by the Court.

- "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" mean any or all of Defendants and the Former Defendants and/or any or all of their current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; and each and all of their and Defendants' and the Former Defendants' respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, joint ventures, related entities, agents, advisors, accountants, auditors, insurers, reinsurers, and attorneys; and the predecessors, successors, estates, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives of each of them, in their capacities as such, and any entity in which any Defendant has or had a controlling interest. The Released Defendant Parties other than the Defendants themselves, including the Former Defendants, are intended as third party beneficiaries of this Settlement with respect to the release of the Released Plaintiff's Claims.

5

- "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean Lead Plaintiff, all other plaintiffs in the Litigation, their respective attorneys, and all other Class Members, and each and all of their respective current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; each and all of their respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, agents, advisors, accountants, auditors, insurers, reinsurers, related entities and attorneys; and the predecessors, successors, estates, estate managers, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representative of each of them, in their capacities as such.

- "Unknown Claims" means: (a) any and all Released Plaintiff's Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to: (a) any and all Released Plaintiff's Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

  > A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

  The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Lead Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

**EXCLUDING YOURSELF FROM THE CLASS**

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Class. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion from the Class because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. If timely and valid requests for exclusion exceed a certain amount, as set forth in a separate confidential agreement between the Settling Parties, DocGo shall have, in its discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

| 11. | How do I get out of the Class and the proposed Settlement? |
|---|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *DocGo Securities Settlement*." Your letter must include your purchases and sales of DocGo common stock during the Class Period, including the dates and number of shares of DocGo common stock you purchased and sold, and the price paid for each such purchase and received for each such sale. In addition, you must include your name, address, email address, telephone number, and your signature. You must mail your exclusion request so that it is **postmarked no later than March 3, 2026** to:

*DocGo Securities Settlement*
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you properly exclude yourself, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Plaintiff's Claims in the future, if such claims are not time-barred.

| 12. | If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later? |
|---|---|

No. Unless you exclude yourself from the Class, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Plaintiff's Claims. If you have a pending lawsuit against any of the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is March 3, 2026.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself from the Class, you should not send in a Proof of Claim to ask for any money from the Settlement. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and/or the other Released Defendant Parties.

**THE LAWYERS REPRESENTING YOU**

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Lead Counsel, on behalf of Lead Plaintiff's Counsel, will apply to the Court for an award of attorneys' fees not to exceed 33% of the Settlement Amount and for expenses, costs, and charges in an amount not to exceed $250,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *DocGo Securities Settlement*. Include your name, address, email address, telephone number, and your signature (even if you are represented by counsel), identify the date(s), price(s), and number of shares of DocGo common stock purchased or sold during the Class Period, and state with specificity your comments or the reasons why you object to the Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected. You must also include copies of documents demonstrating your purchases and/or sales of DocGo common stock during the Class Period. Your comment or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than March 3, 2026:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT<br>UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>500 Pearl Street<br>New York, NY 10007 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>Attn: Ellen Gusikoff Stewart<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101 | GIBSON, DUNN<br>  & CRUTCHER LLP<br>Attn: Lissa M. Percopo<br>1700 M Street, N.W.<br>Washington, DC 20036 |

| 17. | What is the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against the Defendants and the other Released Defendant Parties. If you exclude yourself from the Class, you cannot object to the Settlement because it does not affect you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend the hearing and speak, but you do not have to.

| 18. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Hearing at **10:00 a.m., on March 24, 2026**, before the Honorable Katherine Polk Failla, at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 618, New York, NY 10007. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if the objectors do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide the amount of attorneys' fees and expenses to award Lead Counsel. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Class Members.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by telephone or video conference, without further written notice to the Class. In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members (who wish to attend the hearing) must or may participate by telephone or video, it is important that you monitor the Court's docket or the website, www.DocGoSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the hearing will be posted to the Settlement website. Accordingly, please continue to check the Settlement website for important updates.

8

| 19. | Do I have to come to the Settlement Hearing? |
|---|---|

No. Lead Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you are a Class Member and send an objection, you do not have to come to Court to talk about it. As long as you are a Class Member and mailed your complete written objection on time, the Court will consider it. You may also pay your own lawyer to attend the hearing, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the Settlement Hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *DocGo Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Plaintiff's Counsel and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be *received* **no later than March 3, 2026**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

### IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself from the Class, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and the other Released Defendant Parties about the Released Plaintiff's Claims in this case.

### GETTING MORE INFORMATION

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-808-8947 or by email at info@DocGoSecuritiesSettlement.com. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other settlement-related papers filed in the Litigation, which are posted on the Settlement website at www.DocGoSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of New York, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

### THE PROPOSED PLAN OF ALLOCATION OF NET
### SETTLEMENT FUND AMONG CLASS MEMBERS

| 23. | How will my claim be calculated? |
|---|---|

As discussed above, the Settlement provides $12.5 million in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees, expenses, or amounts approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Members of the Class who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.DocGoSecuritiesSettlement.com.

1.      The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants") based on their respective alleged economic losses resulting from violations of the federal securities laws alleged in this Litigation. The Plan of Allocation reflects Lead Plaintiff's damages expert's analysis undertaken to that end, including a review of publicly available information regarding DocGo and statistical analysis of the price movements of DocGo common stock and the price performance of relevant market and peer indices during the Class Period. The Plan of Allocation, however, is not a formal damages analysis.

9

2.      The calculations made pursuant to this Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making equitable allocations of the Net Settlement Fund.

3.      All purchases of DocGo common stock during the Class Period (November 5, 2021, through September 15, 2023, both dates inclusive) are potentially eligible for compensation based on claims asserted under the Exchange Act.[3]

4.      A "Recognized Loss Amount" will be calculated as set forth below for each purchase of DocGo common stock during the Class Period that is listed in the Proof of Claim and for which adequate documentation is provided. To the extent that the calculation of a Recognized Loss Amount results in a negative number, that number shall be set to zero.

5.      As detailed below, the Net Settlement Fund will be allocated on a *pro rata* basis to Authorized Claimants.

### Recognized Loss Amount Calculations on DocGo Common Stock

6.      In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the trading price of DocGo common stock. Lead Plaintiff further alleges that corrective information released to the market removed alleged artificial inflation from the share prices of DocGo common stock on September 10, 2023, September 14, 2023, and September 15, 2023 (the "corrective disclosures").

7.      Recognized Loss Amounts are based on the difference in the amount of alleged artificial inflation in the prices of DocGo common stock at the time of purchase and at the time of sale.

8.      For each share of DocGo common stock purchased from November 5, 2021, through and including September 15, 2023, and:

(a)      Sold before September 11, 2023, the Recognized Loss Amount will be $0.00.

(b)      Sold from September 11, 2023, through and including the close of trading on September 15, 2023, the Recognized Loss Amount will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A below ***minus*** the amount of artificial inflation per share on the date of sale as stated in Table A below; or (ii) the purchase price ***minus*** the sale price.

(c)      Sold from September 16, 2023, through and including the close of trading on December 15, 2023, the Recognized Loss Amount will be ***the least of***: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A below; (ii) the purchase price ***minus*** the average closing price between September 18, 2023 and the date of sale as stated in Table B below; and (iii) the purchase price ***minus*** the sale price.

(d)      Held as of the close of trading on December 15, 2023, the Recognized Loss Amount will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A below; or (ii) the purchase price ***minus*** $5.70.[4]

(e)      Notwithstanding the foregoing, for shares of DocGo common stock purchased during the period from **November 5, 2021, through and including April 28, 2022**, the Recognized Loss Amount calculated pursuant to subparagraphs (a) through (d) above shall be **reduced by ninety percent (90%)**. This reduction applies **only to those specific purchases made during this period** and does not affect Recognized Loss Amounts attributable to shares purchased outside this timeframe.

---

[3]      Any transactions in DocGo common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[4]      Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of DocGo common stock during the "90-day look-back period," September 18, 2023, through and including December 15, 2023. The mean (average) closing price for DocGo common stock during this 90-day look-back period was $5.70.

**Table A**
**DocGo Inc. Common Stock Estimated Artificial Inflation Amount**

| Date Range | Artificial Inflation per Share |
|---|---|
| November 5, 2021 - September 10, 2023 | $1.19 |
| September 11, 2023 - September 14, 2023 | $1.04 |
| September 15, 2023 | $0.39 |

**Table B**
**DocGo Inc. Common Stock Closing Price & Average Closing Price**

| Date | Closing Price | Average Closing Price Between September 18, 2023 and Date Shown | Date | Closing Price | Average Closing Price Between September 18, 2023 and Date Shown |
|---|---|---|---|---|---|
| 09/18/2023 | $5.29 | $5.29 | 11/01/2023 | $6.09 | $5.71 |
| 09/19/2023 | $5.28 | $5.29 | 11/02/2023 | $6.07 | $5.72 |
| 09/20/2023 | $5.12 | $5.23 | 11/03/2023 | $6.04 | $5.73 |
| 09/21/2023 | $5.10 | $5.20 | 11/06/2023 | $5.80 | $5.73 |
| 09/22/2023 | $5.10 | $5.18 | 11/07/2023 | $6.11 | $5.74 |
| 09/25/2023 | $5.00 | $5.15 | 11/08/2023 | $5.94 | $5.75 |
| 09/26/2023 | $5.07 | $5.14 | 11/09/2023 | $5.70 | $5.74 |
| 09/27/2023 | $5.05 | $5.13 | 11/10/2023 | $5.72 | $5.74 |
| 09/28/2023 | $5.27 | $5.14 | 11/13/2023 | $5.65 | $5.74 |
| 09/29/2023 | $5.33 | $5.16 | 11/14/2023 | $6.19 | $5.75 |
| 10/02/2023 | $5.33 | $5.18 | 11/15/2023 | $5.97 | $5.76 |
| 10/03/2023 | $5.13 | $5.17 | 11/16/2023 | $5.88 | $5.76 |
| 10/04/2023 | $5.76 | $5.22 | 11/17/2023 | $5.80 | $5.76 |
| 10/05/2023 | $5.80 | $5.26 | 11/20/2023 | $5.77 | $5.76 |
| 10/06/2023 | $6.00 | $5.31 | 11/21/2023 | $5.60 | $5.76 |
| 10/09/2023 | $5.99 | $5.35 | 11/22/2023 | $5.75 | $5.76 |
| 10/10/2023 | $5.84 | $5.38 | 11/24/2023 | $5.75 | $5.76 |
| 10/11/2023 | $5.86 | $5.41 | 11/27/2023 | $5.69 | $5.76 |
| 10/12/2023 | $5.61 | $5.42 | 11/28/2023 | $5.72 | $5.76 |
| 10/13/2023 | $5.86 | $5.44 | 11/29/2023 | $5.52 | $5.75 |
| 10/16/2023 | $6.00 | $5.47 | 11/30/2023 | $5.65 | $5.75 |
| 10/17/2023 | $6.10 | $5.50 | 12/01/2023 | $6.01 | $5.75 |
| 10/18/2023 | $6.04 | $5.52 | 12/04/2023 | $6.17 | $5.76 |
| 10/19/2023 | $5.88 | $5.53 | 12/05/2023 | $5.56 | $5.76 |
| 10/20/2023 | $6.06 | $5.55 | 12/06/2023 | $5.48 | $5.75 |
| 10/23/2023 | $6.00 | $5.57 | 12/07/2023 | $5.37 | $5.75 |
| 10/24/2023 | $6.75 | $5.62 | 12/08/2023 | $5.24 | $5.74 |
| 10/25/2023 | $6.59 | $5.65 | 12/11/2023 | $5.29 | $5.73 |
| 10/26/2023 | $6.12 | $5.67 | 12/12/2023 | $5.16 | $5.72 |
| 10/27/2023 | $6.01 | $5.68 | 12/13/2023 | $5.39 | $5.72 |
| 10/30/2023 | $6.01 | $5.69 | 12/14/2023 | $5.49 | $5.71 |
| 10/31/2023 | $5.94 | $5.70 | 12/15/2023 | $4.99 | $5.70 |

## ADDITIONAL PROVISIONS

9.    **Calculation of Claimant's "Recognized Claim":** A claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to DocGo common stock. If a claimant had a market gain with respect to their overall transactions in DocGo common stock during the Class Period, the value of the claimant's Recognized Claim will be zero. If a claimant suffered an overall market loss with respect to their overall transactions in DocGo common stock during the Class Period, but that market loss was less than the claimant's total Recognized Claim, their Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to a claimant's overall transactions of DocGo common stock during the Class Period, the Claims Administrator will determine the difference between, the claimant's (i) Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and Holding Value.[7]

10.    **FIFO Matching:** If a Class Member made more than one purchase or sale of DocGo common stock during the Class Period, all purchases and sales will be matched on a First-In, First-Out ("FIFO") basis, beginning with the earliest purchase of the security.

11.    **"Purchase/Sale" Prices:** For the purposes of calculations under this Plan of Allocation, "purchase price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual amount received, not deducting any fees, taxes, and commissions.

12.    **"Purchase/Sale" Dates:** Purchases and sales of DocGo common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of DocGo common stock shall not be deemed a purchase or sale of DocGo common stock for the calculation of a claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase or sale of DocGo common stock unless (i) the donor or decedent purchased or sold those shares of DocGo common stock between November 5, 2021, and December 15, 2023 (both dates inclusive); (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no other duplicative Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of DocGo common stock.

13.    **Short Sales:** In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a transaction that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered is also zero.

14.    In the event that a claimant establishes a short position during the Class Period, the earliest subsequent Class Period purchase shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

15.    **Common Stock Purchased/Sold Through the Exercise of Options:** With respect to DocGo common stock purchased or sold via the exercise of an option, the purchase/sale date of the DocGo common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

16.    **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive the claimants' authorized share of the Net Settlement Fund as provided by this Plan of Allocation. That share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount of the Net Settlement Fund.

17.    If an Authorized Claimant's *pro rata* share of the Net Settlement Fund calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

18.    Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court for this Settlement shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, Lead Plaintiff's damages expert, Defendants, Defendants' Counsel, any of the other Class Members, the Claims Administrator, or other agent designated by Lead Plaintiff's Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court.

---

[5]    The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for DocGo common stock purchased during the Class Period.

[6]    The Claims Administrator will match any sales of DocGo common stock from the start of the Class Period through and including the close of trading on December 15, 2023, first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of DocGo common stock sold from the start of the Class Period through and including the close of trading on December 15, 2023 will be the "Total Sales Proceeds."

[7]    The Claims Administrator will ascribe a "Holding Value" for the securities equal to $4.99 (the closing price of DocGo common stock on December 15, 2023) for each share of DocGo common stock purchased during the Class Period and still held as of the close of trading on December 15, 2023.

19.    Class Members who do not submit acceptable Proofs of Claim will not share in the distribution of the Net Settlement Fund, however they will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Litigation unless they have timely and validly sought exclusion.

20.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Class Member or claimant.

21.    Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim and Proof of Claim.

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

Nominees who purchased DocGo publicly traded common stock during the Class Period for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward via First Class Mail to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out-of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 per record for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. All communications concerning the foregoing should be addressed to the Claims Administrator at notifications@veritaglobal.com or:

*DocGo Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301171
Los Angeles, CA 90030-1171

DATED: November 18, 2025

                        _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13

THIS PAGE INTENTIONALLY LEFT BLANK

THIS PAGE INTENTIONALLY LEFT BLANK

THIS PAGE INTENTIONALLY LEFT BLANK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
GENESEE COUNTY EMPLOYEES' RETIREMENT :   Civil Action No. 1:23-cv-09476-KPF
SYSTEM, Individually and on Behalf of All Others :
Similarly Situated,                        :    <u>CLASS ACTION</u>
                                  :
                   Plaintiff,      :
                                  :
  vs.                              :
                                  :
DOCGO INC. and ANTHONY CAPONE,     :
                                  :
               Defendants.    :
———————————————————————— x

## PROOF OF CLAIM AND RELEASE

### I.     GENERAL INSTRUCTIONS

1.     To recover as a Class Member based on the claims in the Litigation,[1] you must complete and, on page 9 hereof, sign this Proof of Claim. If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.     Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.     YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE MARCH 9, 2026**, ADDRESSED AS FOLLOWS:

*DocGo Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301171
Los Angeles, CA 90030-1171
Online Submissions: www.DocGoSecuritiesSettlement.com

If you are NOT a Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

---

[1]     This Proof of Claim and Release form ("Proof of Claim") incorporates by reference the definitions in the Stipulation of Settlement, dated November 12, 2025 ("Stipulation"), which can be obtained at www.DocGoSecuritiesSettlement.com.

4.     If you are a Class Member, you will be bound by the terms of any judgments or orders entered in the Litigation WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM, unless you submit a timely and valid request for exclusion from the Class. Thus, if you are a Class Member, the Judgment will release the Released Defendant Parties from all Released Plaintiff's Claims, and you will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum asserting any of the Released Plaintiff's Claims against any of the Released Defendant Parties.

5.     You are eligible to participate in the distribution of the Net Settlement Fund only if you are a Member of the Class and if you complete and return this form as specified below. If you fail to submit a timely, properly addressed, and completed Proof of Claim with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

6.     Submission of this Proof of Claim does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

## II.     CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased DocGo Inc. ("DocGo") publicly traded common stock between November 5, 2021, and September 15, 2023, inclusive (the "Class Period"), and are not otherwise excluded from the Class.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee") of the DocGo common stock that forms the basis of this claim. THIS PROOF OF CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF DOCGO PUBLICLY TRADED COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this Proof of Claim. If you purchased DocGo publicly traded common stock during the Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Proof of Claim to participate in the Settlement. If, however, you purchased DocGo publicly traded common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Proof of Claim.

Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. Specifically, they must: (i) expressly state the capacity in which they are acting; (ii) identify the name, account number, last four digits of the Social Security Number (or full Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other Person or entity on whose behalf they are acting with respect to) the DocGo publicly traded common stock; and (iii) furnish herewith evidence of their authority to bind to the Proof of Claim the Person or entity on whose behalf they are acting. (Authority to complete and sign a Proof of Claim cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another Person's accounts.)

The last four digits of the Social Security Number (or full Taxpayer Identification Number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in the rejection of the claim.

You are required to submit genuine and sufficient documentation for all of your transactions and holdings in the DocGo common stock set forth in the "Schedule of Transactions" in Part II of this Proof of Claim. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. Neither the Parties nor the Claims Administrator independently have information about your investments in DocGo publicly traded common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Proof of Claim or any supporting documents.

A Proof of Claim should be submitted for each separate legal entity (*e.g.*, a claim of joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, an institution with multiple brokerage accounts that the entity has transacted in DocGo common stock during the Class Period).

By submitting a signed Proof of Claim, you will be swearing that you: (i) own(ed) the DocGo publicly traded common stock you have listed in the Proof of Claim; or (ii) are expressly authorized to act on behalf of the owner thereof.

By submitting a signed Proof of Claim, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

**If you have questions concerning the Proof of Claim, or need additional copies of the Proof of Claim or the Notice, you may contact the Claims Administrator, *DocGo Securities Settlement*, c/o Verita Global at P.O. Box 301171, Los Angeles, CA 90030-1171, or by email at info@DocGoSecuritiesSettlement.com, or by toll-free phone at 1-888-808-8947, or you may download the documents from the Settlement website, www.DocGoSecuritiesSettlement.com.**

### III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in DocGo Publicly Traded Common Stock" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases and sales of DocGo publicly traded common stock that took place between November 5, 2021, and December 15, 2023, inclusive, whether such transactions resulted in a profit or a loss.[2] You must also provide all of the requested information with respect to the number of shares of DocGo publicly traded common stock you held at the close of trading on November 4, 2021, September 15, 2023, and December 15, 2023. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of DocGo publicly traded common stock. The date of a "short sale" is deemed to be the date of sale of DocGo publicly traded common stock.

COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN DocGo PUBLICLY TRADED COMMON STOCK SHOULD BE ATTACHED TO YOUR PROOF OF CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN DocGo COMMON STOCK.**

PLEASE NOTE: As set forth in the Plan of Allocation contained in the Notice, each Authorized Claimant shall receive his, her, its, or their *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. This is different from the online submission process that is available at www.DocGoSecuritiesSettlement.com. All claimants MUST submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@veritaglobal.com to obtain the required file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one claim should be submitted for each separate legal entity, and the complete name of the beneficial owner(s) of the common stock must be entered where called for. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The third-party filer shall not be the payee of any distribution payment or electronic distribution payment. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

---

[2]    Information requested about your purchases on September 16, 2023 through and including the close of trading on December 15, 2023 is needed only for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases during this period are not eligible for a recovery because they are outside the Class Period.

Official
Office
Use
Only

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Genesee County Employees' Retirement
System v. DocGo Inc., et al.*

No. 1:23-cv-09476-KPF

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed)
or Received (if Submitted Online)
No Later Than March 9, 2026**

# DCGO

Please Type or Print in the Boxes Below
Must use Black or Blue Ink or your
claim may be deemed deficient.

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN DocGo PUBLICLY TRADED COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM.**

## PART I. CLAIMANT IDENTIFICATION

Last Name

M.I.    First Name

Last Name (Co-Beneficial Owner)

M.I.    First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other

(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number (Last 4 digits)

Taxpayer Identification Number

or

Telephone Number (Primary Daytime)

Telephone Number (Alternate)

Email Address

## MAILING INFORMATION

Address

Address (cont.)

City

State    ZIP Code

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | | CB | | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |



5

**PART II: SCHEDULE OF TRANSACTIONS IN DocGo PUBLICLY-TRADED COMMON STOCK**

**A.** Number of shares of DocGo publicly traded common stock held at the close of trading on November 4, 2021. If none, write "0" or "zero."

Proof Enclosed?  ○ Y  ○ N

**B.** Purchases of DocGo publicly traded common stock between November 5, 2021 and December 15, 2023, inclusive:

PURCHASES

| | Trade Date(s) (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes, and fees) | Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| 1. | / / | | $ . 00 | ○ Y ○ N |
| 2. | / / | | $ . 00 | ○ Y ○ N |
| 3. | / / | | $ . 00 | ○ Y ○ N |
| 4. | / / | | $ . 00 | ○ Y ○ N |
| 5. | / / | | $ . 00 | ○ Y ○ N |

IMPORTANT:  (i) If any purchase listed covered a "short sale," please mark Yes:  ○ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

M M / D D / Y Y Y Y     Merger Shares: _____     Company: _____

**C.** Sales of DocGo publicly traded common stock between November 5, 2021 and December 15, 2023, inclusive:

SALES

| | Trade Date(s) (List Chronologically) M M / D D / Y Y Y Y | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sale Enclosed? |
|---|---|---|---|---|
| 1. | / / | | $ . 00 | ○ Y ○ N |
| 2. | / / | | $ . 00 | ○ Y ○ N |
| 3. | / / | | $ . 00 | ○ Y ○ N |
| 4. | / / | | $ . 00 | ○ Y ○ N |
| 5. | / / | | $ . 00 | ○ Y ○ N |

**D.** Number of shares of DocGo publicly traded common stock held at the close of trading on September 15, 2023. If none, write "0" or "zero."

Proof Enclosed?  ○ Y  ○ N

**E.** Number of shares of DocGo publicly traded common stock held at the close of trading on December 15, 2023. If none, write "0" or "zero."

Proof Enclosed?  ○ Y  ○ N

If you require additional space, attach extra schedules in the same format as above. Sign and print your name and the last four digits of your Social Security/Taxpayer Identification Number on each additional page.

**YOU MUST READ THE RELEASE AND SIGN THE CERTIFICATION ON PAGE 9. FAILURE TO SIGN THE CERTIFICATION MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



6

### IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases or sales of DocGo publicly traded common stock during the relevant period and know of no other Person having done so on my (our) behalf.

### V.   RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, release, relinquish, discharge, and dismiss from the Released Plaintiff's Claims each and all of the "Released Defendant Parties," defined as any or all of Defendants and the Former Defendants and/or any or all of their current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; and each and all of their and Defendants' and the Former Defendants' respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, joint ventures, related entities, agents, advisors, accountants, auditors, insurers, reinsurers, and attorneys; and the predecessors, successors, estates, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives of each of them, in their capacities as such, and any entity in which any Defendant has or had a controlling interest. The Released Defendant Parties other than the Defendants themselves, including the Former Defendants, are intended as third-party beneficiaries of this Settlement with respect to the release of the Released Plaintiff's Claims.

2.      "Released Plaintiff's Claims" means any and all claims and causes of action of every nature and description, whether known or unknown, including Unknown Claims (as defined below), demands, losses, and rights, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiff or any other Class Member has or could have asserted in any court or forum, based on, arising out of, or in connection with: (i) any purchase or acquisition of publicly traded DocGo common stock during the period between November 5, 2021, and September 15, 2023, inclusive; and (ii) the conduct, allegations, acts, facts, matters, occurrences, transactions, disclosures, filings, representations, statements, or omissions that were or could have been alleged by Lead Plaintiff or any other Member of the Class in the Litigation.  Released Plaintiff's Claims do not include: (i) any claims related to the enforcement of the Settlement; (ii) any derivative claims; (iii) any claims arising out of ERISA; or (iv) any claims of any Person who or which submits a timely and valid request for exclusion from the Class that is accepted by the Court.

3.      "Unknown Claims" means: (a) any and all Released Plaintiff's Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden.  With respect to: (a) any and all Released Plaintiff's Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or



authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Lead Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

4.      These Releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

## CERTIFICATION

By signing and submitting this Proof of Claim, the claimant(s) or the Person(s) who represent(s) the claimant(s) certifies (certify), as follows:

1.      that I (we) read and understand the contents of the Notice and this Proof of Claim, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Class Member(s), as defined in the Notice and on page 2 of this Proof of Claim, and is (are) not excluded from the Class by definition or pursuant to request as set forth in the Notice;

3.      that I (we) own(ed) the DocGo publicly traded common stock identified in the Proof of Claim and have not assigned the claim against the Released Defendant Parties to another, or that, in signing and submitting this Proof of Claim, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      that the claimant(s) has (have) not submitted any other claim covering the same purchases of DocGo publicly traded common stock, and knows (know) of no other Person having done so on the claimant's (claimants') behalf;

5.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the Releases set forth herein;

6.      that I (we) agree to furnish such additional information with respect to this Proof of Claim as Lead Counsel, the Claims Administrator, or the Court may require;

7.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity and amount of the claim made by means of this Proof of Claim;

8.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Litigation; and

9.      that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (i) the claimant(s) is (are) exempt from backup withholding; or (ii) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends; or (iii) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. If the IRS has notified the claimant(s) that he, she, or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.



UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS PROOF OF CLAIM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE:

Executed this_____ day of _____ in _____

(Month/Year)    (City/State/Country)

_____    _____
(Sign your name here)    (Sign your name here)

_____    _____
(Type or print your name here)    (Type or print your name here)

_____    _____
(Capacity of person(s) signing, *e.g.*,    (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor or Administrator)    Beneficial Purchaser or Acquirer, Executor or Administrator)

## ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. Remember to attach copies of supporting documentation.

3. **Do not send** originals of certificates or other documentation as they will not be returned.

4. Keep a copy of your Proof of Claim and all supporting documentation for your records.

5. If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send your new address to the address below.

7. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

## THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN MARCH 9, 2026, ADDRESSED AS FOLLOWS:

*DocGo Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301171
Los Angeles, CA  90030-1171
Online Submissions: www.DocGoSecuritiesSettlement.com



9

# THIS PAGE INTENTIONALLY LEFT BLANK

