# EXHIBIT D

## TECHNOLOGY & MEDIA

# OpenAI Rolls Out More Robust Version of ChatGPT

BY BELLE LIN

**OpenAI** on Thursday announced the release of GPT-5.2, calling the artificial-intelligence model its most advanced for professional knowledge work.

The release comes about a week after Chief Executive Sam Altman declared a "code red" effort to improve the quality of ChatGPT and to delay development of some other initiatives, including advertising. The com-

pany has been on high alert from the rising threat of Google's latest Gemini AI model, which outperformed ChatGPT on certain benchmarks including expert-level knowledge, logic puzzles, math problems and image recognition.

The new OpenAI model was described by the company as better at math, science and coding benchmarks.

OpenAI's business targeting

corporate customers has also been under pressure from Anthropic, which has recently ramped up its efforts to sell to enterprises.

"We designed 5.2 to unlock even more economic value for people," Fidji Simo, OpenAI's CEO of applications said on a Thursday call with reporters. "It's better at creating spreadsheets, building presentations, writing code, perceiving images, understanding long con-

texts, using tools and then linking complex multi-step projects."

The application of AI to such tasks will be critical as businesses seek to get value from AI and drive a return on those investments.

Simo, the former CEO of Instacart, joined OpenAI this year and is charged with helping the ChatGPT maker become a profitable global business.

It isn't yet clear if OpenAI's latest productivity- and work-focused model will win over customers, or help it compete against rivals. Many businesses are still early on in their use of AI, and have yet to see widespread returns from the technology.

GPT-5.2 shows improvements in reasoning, coding and working with a range of inputs from text to audio, video, and more—all areas where OpenAI has faced challenges from Google and Anthropic, said Arun Chandrasekaran, an analyst at market research and IT consulting firm Gartner. The company also made progress in knowledge-work capabilities essential to making ChatGPT the AI assistant of choice for professional workers, he added.

Ray Wang, founder and principal analyst for Constellation Research, said GPT-5.2 is a good response to Google's Gemini, but not enough to reverse its rival's momentum. For businesses, "what OpenAI did was make it easier to create office productivity tools," Wang said. "Gemini is still more integrated."

OpenAI had no updates Thursday on image generation in GPT-5.2. That capability has been a key differentiator for Google's Gemini since the August release of its image generator, Nano Banana, and Altman listed improving the technology as a key priority in his code-red memo to employees.

Yet compared with the prior version of its model, GPT-5.1, released in mid-November, GPT-5.2 "represents a huge jump" in a variety of professional-worker tasks, said Aaron Levie, CEO and co-founder of Box. Tasks that knowledge workers commonly take on include creating spreadsheets and presentations.

In the realm of real-world work, OpenAI said GPT-5.2 beat or tied top industry professionals on 70.9% of knowledge work tasks on GDPval, its own

metric for measuring knowledge work across 44 occupations. Those occupations include jobs in sectors like manufacturing, professional services, healthcare and finance, where people often work with spreadsheets and slide decks.

Access to GPT-5.2 began rolling out to paying ChatGPT users on Thursday.

The first version of GPT-5, released in August, was rocky and showed OpenAI's struggle to remain the undisputed AI leader.

At the time, users flooded social media with embarrassing examples of how the chatbot failed to answer simple math questions or accurately draw a map of North America.

OpenAI's Simo said on Thursday's call that the release of GPT-5.2 had been planned for many months, and shouldn't be considered part of its code-red effort.

News Corp, owner of The Wall Street Journal, has a content-licensing partnership with OpenAI.

*Belle Lin writes for WSJ Leadership Institute's CIO Journal.*

---

**ADVERTISEMENT**

## The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

### CLASS ACTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GENESEE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

DOCGO INC. and ANTHONY CAPONE,

Defendants.

Civil Action No. 1:23-cv-09476-KPF

**CLASS ACTION**

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED DOCGO INC. ("DocGo") PUBLICLY TRADED COMMON STOCK BETWEEN NOVEMBER 5, 2021, AND SEPTEMBER 15, 2023, INCLUSIVE (THE "CLASS PERIOD")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court"), that the above-captioned action ("Litigation") has been certified as a class action, except for certain Persons and entities who are excluded from the Class by definition as set forth in the Stipulation of Settlement, dated November 12, 2025 ("Stipulation") and the detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice"). The Stipulation and Notice can be viewed at www.DocGoSecuritiesSettlement.com.

**YOU ARE ALSO HEREBY NOTIFIED** that Genesee County Employees' Retirement System ("Lead Plaintiff") and defendants DocGo and Anthony Capone ("Defendants") have reached a proposed settlement of the Litigation on behalf of the Class for $12.5 million in cash ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Litigation.

**YOU ARE ALSO HEREBY NOTIFIED** that a hearing will be held on March 24, 2026, at 10:00 a.m., before the Honorable Katherine Polk Failla at the United States District Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 618, New York, NY 10007, to determine whether: (1) the Settlement of the above-captioned Litigation as set forth in the Stipulation for $12.5 million in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Lead Plaintiff's Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice) and, if so, in what amounts; and (4) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

The Court may decide to change the date and/or time of the Settlement Hearing, conduct the hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by telephone or videoconference, without further written notice to the Class. It is important that you check the Settlement website, www.DocGoSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the hearing by telephone or videoconference, the access information will be posted to the website.

**IF YOU PURCHASED DocGo PUBLICLY TRADED COMMON STOCK BETWEEN NOVEMBER 5, 2021, AND SEPTEMBER 15, 2023, INCLUSIVE, YOUR RIGHTS ARE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.**

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than March 9, 2026)** or electronically via the Settlement website **(no later than March 9, 2026)**. Failure to submit your Proof of Claim by March 9, 2026, will subject your claim to rejection and preclude you from receiving any of the recovery in connection with the Settlement of this Litigation. If you are a Class Member and do not timely and validly request exclusion from the Class (as described below), you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

The Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), the Proof of Claim, the Stipulation (which, among other things, contains definitions for the capitalized terms used in this Summary Notice), and other important documents, may be accessed online at www.DocGoSecuritiesSettlement.com, or by writing to or calling:

DocGo Securities Settlement
Claims Administrator
c/o Verita Global
P.O. Box 301171
Los Angeles, CA  90030-1171
1-888-808-8947

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

Robbins Geller Rudman & Dowd LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA  92101
1-800-449-4900
settlementinfo@rgrdlaw.com

**IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS POSTMARKED BY MARCH 3, 2026**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. IF YOU PROPERLY EXCLUDE YOURSELF FROM THE CLASS, YOU WILL NOT BE BOUND BY ANY RELEASES, JUDGMENTS, OR ORDERS ENTERED BY THE COURT IN THE LITIGATION AND YOU WILL NOT RECEIVE ANY BENEFITS FROM THE SETTLEMENT. EXCLUDING YOURSELF FROM THE CLASS IS THE ONLY OPTION THAT MAY ALLOW YOU TO BE PART OF ANY OTHER CURRENT OR FUTURE LAWSUIT AGAINST DEFENDANTS CONCERNING THE CLAIMS BEING RESOLVED BY THE SETTLEMENT.

**IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, AND/OR THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 33% OF THE $12.5 MILLION SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $250,000, PLUS INTEREST ON BOTH AMOUNTS. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL BY MARCH 3, 2026**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: November 18, 2025

BY ORDER OF THE COURT:
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

### PUBLIC NOTICES

To all persons or entities interested in the liquidation of
**EXECUTIVE LIFE INSURANCE COMPANY OF NEW YORK**
and the affairs of
**GUARANTY ASSOCIATION BENEFITS COMPANY**

By order of the Supreme Court of the State of New York, County of Nassau (the "Court"), entered on April 19, 2012 (the "Liquidation Order"), Executive Life Insurance Company of New York ("ELNY") was placed into liquidation, which liquidation became effective on August 8, 2013.  Pursuant to the Agreement of Restructuring in Connection with the Liquidation of ELNY, dated April 23, 2012 ("Restructuring Agreement"), which was approved by the Court in the Liquidation Order, Guaranty Association Benefits Company ("GABC") assumed the ELNY restructured annuity benefits and enhanced those annuity benefits pursuant to the Restructuring Agreement.  Since ELNY's liquidation, and in accordance with the Restructuring Agreement, GABC has made payments of those annuity benefits as they have become due.  GABC hereby gives notice that it has petitioned the Court (the "Verified Petition"), for an order to show cause (the "Order to Show Cause"), for an order in furtherance of Liquidation Order, inter alia:

(1)    Approving the Assumption Reinsurance Agreement ("ARA") among GABC (as the cedent) and Pacific Life Insurance Company and its wholly-owned subsidiary Pacific Life & Annuity Company (collectively, "Pacific Life") (as the reinsurers), pursuant to which Pacific Life will assume all of the remaining GABC Liabilities, and the transactions it contemplates as satisfaction of the obligations of GABC, the National Organization of Life and Health Insurance Guaranty Associations ("NOLHGA"), and the Participating Guaranty Associations ("PGAs"), under the Liquidation Order and Sections 6.2.1 and 6.2.5 of the Restructuring Agreement;

(2)    Releasing all Persons, including but not limited to GABC, NOLHGA, the PGAs, the Life Insurance Companies (as defined in the Restructuring Agreement) and the Supplemental Benefits Participating Companies, from any and all future obligations under or related to the Restructuring Agreement upon Closing except only the obligations of GABC and the Receiver (as defined in the Restructuring Agreement) under Sections 6.2.2 and 6.2.3 of the Restructuring Agreement;

(3)    Ordering that, upon a transfer of all of the remaining GABC Liabilities to Pacific Life, the net proceeds, after deducting certain amounts as specified in Section 6.2.2 of the Restructuring Agreement, be remitted to ELNY as the Net Proceeds Transfer at a time and in the manner agreed upon by the Receiver and GABC;

(4)    Overruling any comment, suggestion, and/or objection presented to this Court to the extent any such comment, suggestion, and/or objection is inconsistent with the ARA, any related document, the Restructuring Agreement and/or the Liquidation Order, and denying any relief requested therein;

(5)    Confirming that the order is issued pursuant to and under the Court's subject matter jurisdiction over (i) the Restructuring Agreement as retained by the Court under the Liquidation Order and (ii) the liquidation of ELNY under New York Insurance Law Article 74; and

(6)    Granting such other and further relief as this Court deems just and proper.

A hearing on the Verified Petition is scheduled for March 10, 2026, at 9:30 a.m., before the Honorable Thomas Rademaker, J.S.C., at IAS part 11, at the Courthouse located at 100 Supreme Court Drive, Mineola, New York 11501.

If you wish to support or object to the Verified Petition, you must serve a written statement setting forth your position and all supporting documentation (the "Answering Papers") by filing the Answering Papers on the New York State Courts Electronic Filing system ("NYSCEF") or mailing the Answering Papers to GABC and the Receiver by First-Class mail or overnight carrier at the following addresses so as to be received by February 13, 2026:

Guaranty Association Benefits Company
c/o Faegre Drinker Biddle & Reath LLP
Attn: Kevin P. Griffith
300 North Meridian Street, Suite 2500
Indianapolis, IN 46204
AND
Liquidator of Executive Life Insurance Company of New York
c/o Sidley Austin, LLP
Attn: Martin B. Jackson
787 Seventh Ave
New York, NY 10019

GABC will submit all Answering Papers not filed through NYCEF but received by GABC to the Court by filing on NYCEF by February 18, 2026.

Any reply to the Answering Papers shall be filed by the Receiver and GABC on NYSCEF by March 5, 2026.

If no Answering Papers are filed as provided herein, the Court may enter relief without a hearing and no party shall be entitled to be heard thereon.

If you fail to serve Answering Papers as provided herein, you shall be deemed to have waived any objections to the relief sought in the Verified Petition and shall be barred from raising objections in this or any other proceeding concerning matters set forth in the Order to Show Cause.  Further, if you serve Answering Papers as provided herein, you shall be deemed to have waived any objections that are not set forth in your Answering Papers.

Except as expressly modified by the Order to Show Cause, the Liquidation Order is continued in full force and effect, including the injunctions provided for in the Liquidation Order.

A copy of the Verified Petition (including supporting documentation) and the Order to Show Cause may be viewed at www.nylb.org/ELNY.html and www.gabenefitsco.com. To the extent there are any discrepancies between this notice and the Order to Show Cause, the Order to Show Cause controls.

¹Capitalized terms not otherwise defined herein have the meaning ascribed to them in the ARA.

THE WALL STREET JOURNAL

THE MARKETPLACE
ADVERTISE TODAY
(800) 366-3975

For more information visit:
**wsj.com/classifieds**

© 2025 Dow Jones & Company, Inc.
All Rights Reserved.

---



The bank will use the Ethereum blockchain to record investors' MONY transactions.

ANGEL GARCIA/BLOOMBERG NEWS

## JPMorgan Expands In Crypto

*Continued from page B1*
investors' MONY transactions.

Wall Street has waded deeper into tokenization since the passage of the Genius Act this year. The measure, which establishes a regulatory framework for tokenized dollars known as stablecoins, has unleashed a wave of efforts to tokenize everything from stocks and bonds to funds and real assets.

"There is a massive amount of interest from clients around tokenization," said John Donohue, head of global liquidity at J.P. Morgan Asset Management. "And we expect to be a leader in this space and work with clients to make sure that we have a product lineup that allows them to have the choices that we have in traditional money-market funds on blockchain."

Investors can subscribe to the MONY fund through the bank's Morgan Money portal, a money-market investing platform. In exchange, they will receive digital tokens in their crypto wallets.

Like most money-market funds, JPMorgan's MONY

holds baskets of relatively safe short-term debt securities that usually yield more than bank deposits. It pays interest and accrues dividends daily. Investors can subscribe and redeem shares using cash or USDC, the stablecoin issued by **Circle Internet Group**.

Money-market funds, an investing stalwart since the 1970s, have grown more popular this past year. Assets in money funds total about $7.7 trillion, up from $6.9 trillion at the start of 2025, according to the Investment Company Institute. Meanwhile, the total market capitalization of all stablecoins has grown to more than $300 billion, according to CoinGecko.

Tokenized money-market funds have become an attractive offering for crypto investors because they allow holders to earn a yield while their assets remain entirely on the blockchain. This solves a previous dilemma where investors typically held large amounts of idled cash in stablecoins, which traditionally don't pass on interest income to holders.

For fund managers, tokenization can help cut costs and reduce the time it takes to settle transactions.

> **'There is a massive amount of interest from clients around tokenization.'**

Some tokenized money-market funds are accepted as collateral on several crypto exchanges. And proponents say such offerings can help traditional asset managers attract new clients in the digital-assets space.

JPMorgan's expansion into tokenization is the latest move in a growing trend initiated by several major asset managers, including **BlackRock**, which operates the largest tokenized money-market fund, with more than $1.8 billion in assets under management.

In July, **Goldman Sachs** and **Bank of New York Mellon** said they would partner to launch digital tokens that confer ownership of money-market funds managed by many of the biggest investment firms, including BlackRock and Fidelity Investments, as well as their own asset-management arms.

JPMorgan recently tokenized a private-equity fund on its blockchain platform for wealthy clients served by its private bank.

And companies, including **Robinhood**, **Kraken** and Gemini, earlier this year launched tokenized stocks and exchange-traded funds for non-U.S. investors.

---

## Holiday Ads Start Early

*Continued from page B1*
childhood bedroom now contains a treadmill, with her father running on it awkwardly, wearing short shorts. The young woman checks the Amazon app for more appropriate workout gear.

Despite the deluge, Americans generally like holiday ads, according to an online poll conducted this month by Morning Consult for The Wall Street Journal. This stands in contrast to the often-criticized ad blitzes associated with po-



Brent Bailey reprises his role as Kris K. in Target's campaign.

litical election cycles.

Two-thirds of respondents said they enjoy seeing holiday-themed ads either a lot or

somewhat. Just 9% expressed dislike. But many—including 70% of baby boomers—felt the spots start too early.

Declaration of Publication

I, Jonathan D. Carameros, as Senior Vice President, Settlement Administration at Verita Global LLC f/k/a Gilardi Settlement Administration Company in San Rafael, California, hereby certify that I caused the attached notice to be printed in said publication on December 16, 2025:

Name of Publication: The Wall Street Journal

Address: 1211 Avenue of the Americas

City, State, Zip: New York, NY 10036

Phone #: 1-800-568-7625

State of: New York

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 16th day of December 2025, at Danville, California.

Jonathan D. Carameros

**Robbins Geller Rudman & Dowd LLP Announces Proposed Settlement in the DocGo Securities Litigation**

ROBBINS GELLER RUDMAN & DOWD LLP
☑ NASDAQ:DCGO

**RELEASE VERSIONS**

English

**CONTACTS**

Media Contact:
Robbins Geller Rudman & Dowd LLP
Shareholder Relations Department
Greg Wood
(619) 231-1058

SAN DIEGO--(BUSINESS WIRE)--The following statement is being issued by Robbins Geller Rudman & Dowd LLP regarding the DocGo Securities Litigation:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENESEE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DOCGO INC. and ANTHONY CAPONE,<br><br>Defendants. | Civil Action No. 1:23-cv-09476-KPF<br><br>CLASS ACTION |

SUMMARY NOTICE OF PENDENCY AND
PROPOSED SETTLEMENT OF CLASS ACTION

TO: ALL PERSONS AND ENTITIES WHO PURCHASED DOCGO INC. ("DocGo") PUBLICLY TRADED COMMON STOCK BETWEEN NOVEMBER 5, 2021, AND SEPTEMBER 15, 2023, INCLUSIVE (THE "CLASS PERIOD")

THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court"), that the above-captioned action ("Litigation") has been certified as a class action, except for certain Persons and entities who are excluded from the Class by definition as set forth in the Stipulation of Settlement, dated November 12, 2025 ("Stipulation") and the detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice"). The Stipulation and Notice can be viewed at www.DocGoSecuritiesSettlement.com.

YOU ARE ALSO HEREBY NOTIFIED that Genesee County Employees' Retirement System ("Lead Plaintiff") and defendants DocGo and Anthony Capone ("Defendants") have reached a proposed settlement of the Litigation on behalf of the Class for $12.5 million in cash ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Litigation.

YOU ARE ALSO HEREBY NOTIFIED that a hearing will be held on March 24, 2026, at 10:00 a.m., before the Honorable Katherine Polk Failla at the United States District Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 618, New York, NY 10007, to determine whether: (1) the Settlement of the above-captioned Litigation as set forth in the Stipulation for $12.5 million in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Lead Plaintiff's Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice) and, if so, in what amounts; and (4) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

The Court may decide to change the date and/or time of the Settlement Hearing, conduct the hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by telephone or videoconference, without further written notice to the Class. It is important that you check the Settlement website, www.DocGoSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the hearing by telephone or videoconference, the access information will be posted to the website.

IF YOU PURCHASED DocGo PUBLICLY TRADED COMMON STOCK BETWEEN NOVEMBER 5, 2021, AND SEPTEMBER 15, 2023, INCLUSIVE, YOUR RIGHTS ARE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than March 9, 2026)** or electronically via the Settlement website **(no later than March 9, 2026)**. Failure to submit your Proof of Claim by March 9, 2026, will subject your claim to rejection and preclude you from receiving any of the recovery in connection with the Settlement of this Litigation. If you are a Class Member and do not timely and validly request exclusion from the Class (as described below), you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

The Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), the Proof of Claim, the Stipulation (which, among other things, contains definitions for the capitalized terms used in this Summary Notice), and other important documents, may be accessed online at www.DocGoSecuritiesSettlement.com, or by writing to or calling:

DocGo Securities Settlement
Claims Administrator
c/o Verita Global
P.O. Box 301171
Los Angeles, CA 90030-1171
1-888-808-9747

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

Robbins Geller Rudman & Dowd LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
1-800-449-4900
settlementinfo@rgrdlaw.com

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY MARCH 3, 2026**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. IF YOU PROPERLY EXCLUDE YOURSELF FROM THE CLASS, YOU WILL NOT BE BOUND BY ANY RELEASES, JUDGMENTS, OR ORDERS ENTERED BY THE COURT IN THE LITIGATION AND YOU WILL NOT RECEIVE ANY BENEFITS FROM THE SETTLEMENT. EXCLUDING YOURSELF FROM THE CLASS IS THE ONLY OPTION THAT MAY ALLOW YOU TO BE PART OF ANY OTHER CURRENT OR FUTURE LAWSUIT AGAINST DEFENDANTS CONCERNING THE CLAIMS BEING RESOLVED BY THE SETTLEMENT.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, AND/OR THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 33% OF THE $12.5 MILLION SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $250,000, PLUS INTEREST ON BOTH AMOUNTS. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY MARCH 3, 2026**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: November 18, 2025

BY ORDER OF THE COURT:
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Contacts**

Media Contact:

Share 🔗 𝕏 f ✉ 🔗 ⋯

Greg Wood
(619) 231-1058

Industry:    Class Action Lawsuit    Professional Services    Legal

Declaration of Publication

I, Jonathan D. Carameros, as Senior Vice President, Settlement Administration at Verita Global LLC f/k/a Gilardi Settlement Administration Company in San Rafael, California, hereby certify that I caused the attached notice to be published as a press release by the following wire service:

Name of Publication: BusinessWire

Address: 101 California Street 20th Floor

City, ST Zip: San Francisco, CA 94111

Phone #: 415-986-4422

State of: California

The press release was distributed on December 16, 2025 to the following media circuits offered by the above-referenced wire service:

1.  National Newsline

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 16th day of December 2025, at Danville, California.

Jonathan D. Carameros