UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| GENESEE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | : Civil Action No. 1:23-cv-09476-KPF : : <u>CLASS ACTION</u> : |
| Plaintiff, | : : DECLARATION OF CHRISTOPHER M. : WOOD FILED ON BEHALF OF ROBBINS |
| vs. | : GELLER RUDMAN & DOWD LLP IN : SUPPORT OF APPLICATION FOR |
| DOCGO INC. and ANTHONY CAPONE, | : AWARD OF ATTORNEYS' FEES AND : EXPENSES |
| Defendants. | : : |

4902-1354-7658.v4

I, CHRISTOPHER M. WOOD, declare as follows:

1.    I am a member of the firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm").  I am submitting this declaration in support of the application for an award of attorneys' fees, expenses and charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2.    This Firm is Lead Counsel of record for Lead Plaintiff Genesee County Employees' Retirement System and the Class herein.

3.    The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation.  As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment.  Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

4.    After the reductions referred to above, the number of hours spent on the Litigation by the Firm is 1,932.90.  A breakdown of the lodestar is provided in the attached Exhibit A.  The lodestar amount for attorney/paraprofessional time based on the Firm's current rates is $1,440,804.50.  The hourly rates shown in Exhibit A are the Firm's current rates in contingent cases set by the Firm for each individual.  These hourly rates are consistent with hourly rates

- 1 -

submitted by the Firm to state and federal courts in other securities class action litigation.  The

Firm's rates are set based on periodic analysis of rates charged by firms performing comparable

work both on the plaintiff and defense side.  Different timekeepers within the same employment

category (*e.g.*, partners, associates, paralegals, etc.) may have different rates based on a variety of

factors, including years of practice, years at the Firm, years in the current position (*e.g.*, years as a

partner), relevant experience, relative expertise, and the rates of similarly experienced peers at this

Firm or other firms.  For personnel who are no longer employed by the Firm, the "current rate"

used for the lodestar calculation is based upon the rate for that person in his or her final year of

employment with the Firm.

5. The Firm seeks an award of $183,676.18 in expenses and charges in connection

with the prosecution of the Litigation.  Those expenses and charges are summarized by category

in the attached Exhibit B.

6. The following is additional information regarding certain of these expenses:

(a) Filing and Attorney Service Fees: $4,100.00.  These expenses have been

paid to the Court for filing fees and to an attorney service firm who served process of subpoenas.

The vendors who were paid for these services are set forth in the attached Exhibit C.

(b) Business Wire: $155.00.  This expense was necessary under the Private

Securities Litigation Reform Act of 1995's ("PSLRA") "early notice" requirements, which

provides, among other things, that

> Not later than 20 days after the date on which the complaint is filed, the
> plaintiff or plaintiffs shall cause to be published, in a widely circulated national
> business-oriented publication or wire service, a notice advising members of the
> purported plaintiff class – (I) of the pendency of the action, the claims asserted
> therein, and the purported class period; and (II) that, not later than 60 days after the
> date on which the notice is published, any member of the purported class may move
> the court to serve as lead plaintiff of the purported class.

4902-1354-7658.v4

*See* 15 U.S.C. §78u-4(a)(3)(A)(i).

(c)     Consultants/Experts: $125,543.75.

(i)     Fideres USA Inc.: $95,500.00.  Lead Plaintiff retained the services of Matthew D. Cain, Ph.D., and consulting group Fideres USA Inc., concerning causation and damages.  Mr. Cain, with the assistance of Fideres, provided critical economic analysis and drafted an expert report in connection with class certification, which was submitted to the Court on July 21, 2025.

(ii)     BVA Group LLC: $30,043.75.  Lead Plaintiff retained the services of consulting group BVA and one of its partners, W. Scott Dalrymple, CFA, concerning causation and damages.  Mr. Dalrymple, with the assistance of other members of BVA, served as a consulting expert in connection with the drafting of the complaint, as well as Lead Plaintiff's settlement efforts.

(d)     Outside Counsel for Third Party Subpoena (Zimmerman Reed, PLLP): $21,012.81.  Outside counsel fees for services provided from June through September 2025 in the representation of Summit Creek Advisors, LLC - one of Lead Plaintiff's investment managers - who was subpoenaed by Defendants in the course of the Litigation.

(e)     Online Legal and Financial Research: $3,064.86.  This category includes vendors such as LexisNexis Products, Refinitiv, and Westlaw.  These resources were used to obtain access to SEC filings, factual databases, legal research, and for proofreading and "blue-booking" court filings (including checking all legal authorities cited and quoted in briefs).  This category represents the expenses incurred by Robbins Geller for use of these services in connection with this Litigation.  The charges for these vendors vary depending upon the type of services requested.  For example, Robbins Geller has flat-rate contracts with some of these providers for use of their

- 3 -

services.   When Robbins Geller utilizes online services provided by a vendor with a flat-rate contract, access to the service is by a billing code entered for the specific case being litigated.   At the end of each billing period in which such service is used, Robbins Geller's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period.   As a result of the contracts negotiated by Robbins Geller with certain providers, the Class enjoys substantial savings in comparison with the "market-rate" for *a la carte* use of such services which some law firms pass on to their clients.   For example, the "market-rate" charged to others by LexisNexis for the types of services used by Robbins Geller is more expensive than the rates negotiated by Robbins Geller.

(f)      eDiscovery Database Hosting: $797.30.   Robbins Geller has installed top tier database software, infrastructure, and security.   The platform implemented, Relativity, is offered by over 100 vendors and is currently being used by 198 of the AmLaw200 firms.   Over 50 servers are dedicated to Robbins Geller's Relativity hosting environment with all data stored in a secure SSAE 18 Tier III data center with automatic replication to a datacenter located in a different geographic location.   By hosting in-house, Robbins Geller is able to charge a reduced all-in rate that includes many services which are often charged as extra fees when hosted by a third-party vendor.   Robbins Geller's hosting fee includes user logins, ingestion, processing, OCRing, TIFFing, bates stamping, productions, and archiving – all at no additional per unit cost.   Also included is unlimited structured and conceptual analytics (*i.e.*, email threading, inclusive detection, near-dupe detection, concept searching, active learning, clustering, and more).   Robbins Geller is able to provide all these services for a cost that is typically much lower than outsourcing to a third-party vendor.   Utilizing this secure, advanced platform in-house has allowed Robbins Geller to prosecute actions more efficiently, utilize AI technology, and has reduced the expense of

- 4 -

4902-1354-7658.v4

maintaining and searching electronic discovery databases.  Similar to third-party vendors, Robbins Geller uses a tiered rate system to calculate hosting charges.  The amount requested reflects charges for the hosting of over 25,000 pages of documents received by parties and non-parties in this action.

(g)    Mediation Fees (Phillips ADR Enterprises, P.C.):  $28,262.50.  These are the fees of the mediator, Miles N. Ruthberg, who conducted a mediation session, as well as many follow-up discussions with the parties, leading to the eventual settlement of the Litigation.

7.    The expenses pertaining to this case are reflected in the books and records of this Firm.  These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

8.    The identification and background of my Firm and its partners is attached hereto as Exhibit D.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 17th day of February, 2026, at Nashville, Tennessee.

_s/Christopher M. Wood_
CHRISTOPHER M. WOOD

- 5 -