UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

GENESEE COUNTY EMPLOYEES'
RETIREMENT SYSTEM, Individually and on
Behalf of All Others Similarly Situated,

                      Plaintiff,

      vs.

DOCGO INC. and ANTHONY CAPONE,

                  Defendants.

---------------------------------------------------------------- x

:  Civil Action No. 1:23-cv-09476-KPF

:  CLASS ACTION

:
:  LEAD PLAINTIFF'S REPLY
:  MEMORANDUM OF LAW IN FURTHER
:  SUPPORT OF MOTIONS FOR: (I) FINAL
:  APPROVAL OF CLASS ACTION
:  SETTLEMENT AND APPROVAL OF PLAN
:  OF ALLOCATION; AND (II) AN AWARD
:  OF ATTORNEYS' FEES AND EXPENSES

4899-9413-9288.v1

Lead Plaintiff Genesee County Employees' Retirement System and Lead Counsel respectfully submit this reply memorandum of law in further support of: (i) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses.  ECF 108-115.[1]

## I.    PRELIMINARY STATEMENT

The March 3, 2026 deadline for objections and requests for exclusion has passed and Lead Plaintiff is pleased to inform the Court that the Class' reaction to the Settlement, Plan of Allocation, and Lead Counsel's fee and expense application has been entirely positive.  As detailed in the opening declaration of Ross D. Murray (ECF 114) and the accompanying Supplemental Declaration of Ross D. Murray Regarding: (A) Continued Notice Dissemination; (B) Update on Call Center Services and Website; and (C) Requests for Exclusion Received to Date ("Suppl. Murray Decl."), the Claims Administrator disseminated over 13,280 Postcard Notices to potential Class Members and nominees.  *See* ECF 114, ¶11; Suppl. Murray Decl., ¶¶3-4.  Notice was also published in *The Wall Street Journal*, transmitted over *Business Wire*, and posted on the settlement website established by the Claims Administrator, www.DocGoSecuritiesSettlement.com.  ECF 114, ¶¶12, 14; *see also* Suppl. Murray Decl., ¶6.  There have been no objections to the Settlement or Plan of Allocation.  Moreover, no Class Member has sought exclusion from the Class.  Suppl. Murray Decl., ¶¶8-9.

---

[1]    Unless otherwise noted, capitalized terms have the meanings ascribed to them in the Stipulation of Settlement dated November 12, 2025 (ECF 101-1) (the "Stipulation") or in the Declaration of Christopher M. Wood in Support of: (I) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses (ECF 112).  Unless otherwise noted, citations are omitted and emphasis is added.

The Class' favorable response supports a finding that the Settlement, Plan of Allocation, and Lead Counsel's fee and expense application, are fair, reasonable, and adequate.

## II.    ARGUMENT

### A.    The Reaction of the Class Strongly Supports Approval of the Settlement and Plan of Allocation

As detailed in Lead Plaintiff's opening brief in support of approval of the Settlement, Lead Counsel achieved an outstanding $12.5 million settlement, recovering over 20% of reasonably recoverable damages. ECF 109 at 13. The Class agrees. Not a single Class Member has objected to the Settlement or Plan of Allocation. Likewise, no Class Member has sought to be excluded from the Class. *See* Suppl. Murray Decl., ¶¶8-9. This favorable reaction "is perhaps the most significant factor" in determining the fairness and adequacy of the proposed Settlement, and strongly supports approval here. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005), *superseded by rule as stated in Moses v. New York Times Co.*, 79 F.4th 235 (2d Cir. 2023); *see also Contant v. Bank of Am. Corp.*, 2020 WL 13689631, at *3 (S.D.N.Y. Nov. 19, 2020) (approving settlement with no objections finding "Class Members' reaction to the Settlement [is] entitled to great weight"); *In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) (alteration in original) ("'[T]he favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry' into the fairness and adequacy of the Settlement."); *In re Hi-Crush Partners L.P. Sec. Litig.*, 2014 WL 7323417, at *6 (S.D.N.Y. Dec. 19, 2014) ("The reaction of the . . . Class to the Settlement is a significant factor in assessing its fairness and adequacy."); *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 362 (S.D.N.Y. 2002) ("[T]he reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy.").

4899-9413-9288.v1

The Class' positive reaction to the Settlement therefore weighs in favor of final approval of the Settlement. *See* ECF 109 at §III.B.6; *see also Signet*, 2020 WL 4196468, at *6 ("The absence of any objections and the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate."); *Guevoura Fund Ltd. v. Sillerman*, 2019 WL 6889901, at *7 (S.D.N.Y. Dec. 18, 2019) ("To date, not a single Class Member has objected or sought exclusion. The absence of negative feedback from Class Members evidences an overall favorable response of the Class Members to the Settlement. Thus, this factor strongly supports approval of the Settlement."); *In re Facebook, Inc., IPO Sec. & Deriv. Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("The overwhelmingly positive reaction – or absence of a negative reaction – weighs strongly in favor of confirming the Proposed Settlement."), *aff'd*, 822 F. App'x 40 (2d Cir. 2020); *Yuzary v. HSBC Bank USA, N.A.*, 2013 WL 5492998, at *6 (S.D.N.Y. Oct. 2, 2013) ("No Class Member objected to the settlement[.] This favorable response demonstrates that the class approves of the settlement and supports final approval."); *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate.").

Moreover, the absence of objections from institutional investors provides further support for final approval of the proposed Settlement. *See, e.g.*, *In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) ("[N]ot one of the objections or requests for exclusion was submitted by an institutional investor. Therefore . . . 'the class's reaction weighs heavily in favor of approval.'").

The Class' favorable response to the Plan of Allocation likewise supports approval of the Plan of Allocation. *See, e.g.*, *In re Romeo Power Inc. Sec. Litig.*, 2024 U.S. Dist. LEXIS 237134, at *3-*4 (S.D.N.Y. Aug. 1, 2024) (approving plan of allocation where no objections were submitted); *Signet*, 2020 WL 4196468, at *6 ("The reaction of the Class also supports approval of the Plan of

- 3 -

4899-9413-9288.v1

Allocation."); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at \*14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members.  This favorable reaction of the Class supports approval of the Plan of Allocation."); *In re XL Fleet Corp. Sec. Litig.*, No. 1:21-cv-02002-JLR, ECF 200 (S.D.N.Y. Apr. 30, 2024) (approving plan of allocation and noting that there were no objections to the proposed plan) (attached hereto as Ex. A); *In re Wells Fargo & Co. Sec. Litig.*, No. 1:20-cv-04494-JLR-SN, ECF 205 (S.D.N.Y. Sept. 8, 2023) (approving plan of allocation and noting that there were no objections to the proposed plan) (attached hereto as Ex. B).

> **B.       The Reaction of the Class Strongly Supports Approval of Lead
> Counsel's Fee and Expense Application**

As set forth more fully in Lead Counsel's opening brief in support of an award of attorneys' fees and expenses, Lead Counsel's fee request of 33% of the Settlement Amount is supported by Lead Plaintiff, consistent with awards in complex class action litigation, and fair and reasonable under the relevant factors, including the fact that it does not result in a windfall to Lead Counsel. ECF 111; *see also In re Grab Holdings Ltd. Sec. Litig.*, 2025 WL 1413515, at \*5 (S.D.N.Y. May 15, 2025) (awarding 33-1/3% of $80 million settlement, representing recovery of between 8.9% and 13.4% of estimated recoverable damages).  The recovery here far exceeds, on a percentage basis, the median settlement for cases of this size.  *See* Laarni Bulan and Eric Tam, *Securities Class Action Settlements – 2025 Review & Analysis* (Cornerstone Research 2026) at 7, fig. 8.  Since the Claims Administrator disseminated the Court-approved notice, no objections have been raised to any aspect of Lead Counsel's application for awards of attorneys' fees and expenses.

"The absence of any objections to [Lead Counsel's] requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable."  *Signet*, 2020 WL 4196468, at \*21; *see also Guevoura Fund*, 2019 WL 6889901, at \*22 ("To date, no object[ion] to the fee request

- 4 -

has been received.  The lack of objections, in this day and age, is not only remarkable, but militates in favor of approval of the Fees as requested."); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at \*10 (S.D.N.Y. Nov. 7, 2007) ("No member of the Class has objected to either the Settlement or to Plaintiffs' Counsel's request for an award of attorneys' fees.  This response suggests that the fee request is fair and reasonable.").

## III.   CONCLUSION

The $12.5 million Settlement – the byproduct of extensive litigation and arm's-length negotiations by experienced counsel overseen by a skilled mediator – represents an outstanding recovery for the Class.  For these reasons and those set forth in their opening papers, ECF 108-115, Lead Plaintiff and Lead Counsel respectfully request that the Court: (i) approve the proposed Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Class; and (ii) award attorneys' fees to Lead Counsel in the amount of 33% of the Settlement Amount, plus litigation expenses in the amount of $183,676.18, plus the interest earned on both amounts. Proposed orders are submitted herewith.

DATED:  March 17, 2026                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER M. WOOD (admitted *pro hac vice*)


*s/ Christopher M. Wood*
CHRISTOPHER M. WOOD

200 31st Avenue North
Nashville, TN  37203
Telephone:  615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com

- 5 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART (admitted *pro hac vice*)
ERIC I. NIEHAUS (admitted *pro hac vice*)
JOSEPH J. TULL (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
ericn@rgrdlaw.com
jtull@rgrdlaw.com

Lead Counsel for Lead Plaintiff

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel

- 6 -

4899-9413-9288.v1

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(c)**

I, Christopher M. Wood, hereby declare that this document contains 1,516 words, and complies with the word-count limitation provided by Local Rule 7.1(c).

DATED:  March 17, 2026                     ROBBINS GELLER RUDMAN
                                                     & DOWD LLP
                                       CHRISTOPHER M. WOOD (admitted *pro hac vice*)

                                                      *s/ Christopher M. Wood*
                                                  CHRISTOPHER M. WOOD

4899-9413-9288.v1